Sewall, J.
The plaintiff shipped a keg of dollars on board the ship Hope, for which the defendant, as master, gave a receipt, to be carried on a voyage to Calcutta, for the plaintiff’s account, and at his risk; there to be laid out in piece goods, he allowing one third of the net proceeds for freight and commissions. The ship, when under the care of a pilot, after her arrival in Bengal Bay, struck ground, and was thought to be in imminent danger of perishing. In this extremity, and impelled by fears which exceeded the danger, as it proved in the event, the master and crew, acting by the advice of the pilot, took to the boats, and forsook the ship. At leaving her, they attempted to save some articles of the lading, such as were most easily come at; and some kegs and bags of dollars, and amongst the rest the plaintiff’s adventure, were put on board the long-boat. In proceeding towards the shore, the sea running very high, the long-boat was found to be overladen ; and it became necessary, for the preservation of the lives of the people on board, to lighten the boat; and some of the heavy articles taken from the ship were thrown overboard. In this jettison the plaintiff’s keg of dollars was lost; and the long-boat, with the people on board, and the remainder of the articles taken from the ship, reached the shore in safety. The ship, which had been left with her sails standing, was seen, on the next day, drifting tpwards the same shore, and was immediately regained by the master and crew, and, not having suffered any material damage, was taken, with the remainder of her cargo, to Calcutta.
*The plaintiff claims, in this action, a contribution or [ * 129 ] average for his loss in the jettison from the long-boat. *106 And whether the ship and the residue of her lading, which arrived at Calcutta, or that part of the lading which was saved immediately in the long-boat, are liable to a contribution or average for the benefit of the plaintiff, are the questions to be decided.
To charge the concern generally, it has been argued, that the safety of the vessel, and the completion of the voyage, depended essentially upon the saving of the lives of the master and crew, who were landed in the long-boat; and that their afety was procured by the jettison, in which the plaintiff’s keg of dollars was lost. Or, if the claim, in this view of it, should be thought too extensive, then it is argued, that at least the articles saved in the long-boat, after the plaintiff’s keg of dollars, and other heavy articles, were thrown out, are holden to a contribution or average of a loss voluntarily incurred, and in consequence of which the rest of the lading in the long-boat reached the shore.
The general principle, that the owners, freighters, and al ton cerned in a vessel and her lading, preserved by any loss or expense, voluntarily incurred with that purpose, are liable to a contribution and average of the amount, has not been contested. Nor has any doubt been expressed of the application of this general principle to a case where articles of the lading have been voluntarily thrown from the ship, or exposed in a boat, from which they are lost: when this happens in any purpose directed to the preservation of the vessel, and the rest of her lading, and these afterwards arrived in safety. But the circumstances of a voluntary act, and a direction of it to the common preservation, seem to be essential requisites in every case, where a general average or contribution may be claimed. And in such a case, the liability of the freighter, and the right of retaining against him, until the contribution is adjusted, are implied in the contract of affreightment. (2)
[ * 130 ] * In the case at bar, the master and crew of the ship Hope, in taking to the boats, acted with no intention or purpose directed to the common preservation of the ship and cargo. These were considered as lost. The event proved, indeed, that the exposure in the boats was an extraordinary peril, beyond what would have been encountered by remaining in the ship. But this was unforeseen; and the danger, in the long-boat especially, was not voluntarily incurred with any view to. the common benefit. If the ship and cargo had been lost, excepting the articles taken on board the long-boat, these would have been saved for the benefit of their particular owners, without any liability to a contribution or average of any kind ; and although the ship, and the cargo left on *107 board, arrived afterwards in safety, yet their preservation was not owing to the dereliction of the master and crew, or to the unsuccessful attempt to save the plaintiff’s adventure in the long-boat; and the case seems, on the whole, to have no one requisite or circumstance of a case of contribution and average, as it respects the ship and cargo.
As to the few articles of the cargo, which were brought to the shore in the long-boat, these were preserved at the expense of the plaintiff', in some measure. But it is to be considered, that the goods saved in the long-boat, and the goods lost in the jettison from it, were thus exposed together, in consequence of a previous peril, and for the purpose of saving what could be saved, without any concert or mutual design of the parties interested. There was no engagement, or common benefit intended, from which the rights and duties of the respective owners can be inferred. The passengers, as the people in the long-boat may be called, were justified in lightening the boat, upon which they depended for the safety of their lives. (3) The goods thrown out, for every purpose of this inquiry, and as to the rights and duties of the particular owners or freighters, were in no other situation than that of the goods left in the ship. If the ship had perished, the event * had been precisely the same. If the goods lost [*131 ] in the jettison from the long-boat had been left in the ship, the danger from overloading the boat would not have been incurred ; and the eventual safety of the ship, and the loss of the plaintiff’s keg of dollars, in attempting to save them, without any regard to the safety of the ship, or of the other effects taken together into the long-boat, afford no case of contribution or average. The requisites to a case of that nature are, a contract, by which distinct properties of several persons become exposed to a common peril, and a relief from that peril at the expense of one or more of the concerned, who thereupon are entitled to a contribution from the rest; provided the benefit was intended, as well as obtained for them, at the peculiar hazard, or by the destruction, of the property lost.
All these requisites are wanting in the case at bar, considering the claim of contribution to be between those who were owners of the goods taken into the long-boat, with a view to their preservation. This being the opinion of the Court, judgment is to be entered, by the agreement of the parties, for the defendant, on the verdict.

 Abbott, part 3, c. 8. — 2 Bulst 280. — Park. 138. — 1 East, 220.

 Mouse’s Case, 12 Co. 63.