By the Court. Vanderpoel, J.
The question whether the vessel was seaworthy, was purely one of fact. It was fairly submitted to the jury, and they have found that she was seaworthy. Barnum testified, that in 1844 he repaired the schooner for the plaintiffs ; that he cut her down to the water’s edge, put in new timbers, new ceiling, new outside from the bottom to the rail; that he took out all the ceiling, and left only the keel, stern, stern-post, and a few floor timbers. He says, he substantially rebuilt her.
The witness Newman also testified, that he was a shipwright; that he examined the schooner Cornelia about eighteen months ago, at the request of Mr. Johnson. They put her on the dock, and the witness examined her to ascertain the cost of repairs. She was then in good condition, except that her stern-post had been started.
To this is opposed the fact, that the vessel sprang a leak so soon after the commencement of the voyage. We cannot, on the strength of this fact, assume the responsibility of overruling the finding of the jury. Whether the vessel was seaworthy, was peculiarly a question of fact. We cannot say that there is no evidence to sustain the conclusion to which the jury came; and cannot, without interfering with their province, and violating a too well established principle, overrule their finding.
2. Another point taken by the defendant is, that the testimony of Thomas Callendar was improperly admitted. He testified, that he was an oflicer of the Sun Mutual Insurance Company, and sometimes acted as assistant secretary; that, on the 22d day of August, 1846, he, for the company, paid the defendant *59 $1237 55, in full for loss and general average on the cargo of the schooner Cornelia, as appóared from a receipt introduced, and signed by the defendant Ruggles. The ground on which the judge at the trial admitted this evidence, is correct. It was admissible to show, not that the defendant was liable, because he had received his insurance, but to show that he had acquiesced in and admitted the principles and results of the adjustment made by Johnson, the witness who made the adjustment.
3. Another ground taken by the defendant is, that the turpentine whicli is sought to be made contributory to the plaintiffs indemnity, was never delivered to the defendant, and therefore is not subject to general average. In Strong v. The New York Firemens' Insurance Company, (11 John. 323,) it is declared to be the duty of the master, in cases proper for general average, to cause an adjustment to be made upon his arrival at the port of destination; and it was hold, that he has a lien upon the cargo to enforce payment of the contribution. Here, the schooner was necessarily detained at the port of necessity, for more than two months. The defendant becomes impatient, sends on a vessel, and brings away his property. Now, he contends, that the turpentine was not delivered to him according to his contract with the plaintiffs, and that it is not, therefore, subject to general average. The plaintiffs, surely, cannot by this agency of the defendant, lose his claim. The jury have found that there was no unreasonable or unnecessary delay in the port of Beaufort; and the defendant could not, by taking his property from there, when the schooner was being repaired, destroy the plaintiffs right to have contribution from it.
No error was committed on the trial, and the motion for a new trial is denied.