## Case No. 3,099.

### The CONGRESS.

[1 Biss. 42.][1]

District Court, D. Wisconsin. March Term, 1854.

GENERAL AVERAGE — CLAIM FOR CONTRIBUTION ONLY A QUALIFIED LIEN—WHAT CONSTITUTES A CASE FOR GENERAL AVERAGE.

1. The court in admiralty will not entertain jurisdiction in cases of general average, unless all the parties in interest are before it.

2. A lien created by the maritime law, as salvage, etc., is absolute and unconditional; but a claim for contribution is but a qualified lien, depending upon the possession of the goods by the master or ship-owner, and ceases when they are delivered to the owner or consignee.

3. The maritime law does not imply on the part of the owner receiving the goods a promise for contribution.

4. To constitute a case for general average, three things must concur: A danger in which ship, cargo, and crew all participate—imminent and apparently inevitable, except by voluntarily incurring the loss of a portion to save the remainder; a voluntary jettison of some portion for the purpose of avoiding this common imminent peril; this attempt to avoid the imminent common peril must be successful.

In admiralty. This libel is for general average contribution. It propounds that the schooner Congress, on a voyage from Buffalo to Milwaukee, having on board a miscellaneous cargo on account of various consignees, on or about the 24th November, 1853, encountered a storm on Lake Michigan, and on the 25th of the same month her masts and rigging were carried away, and she was entirely disabled; all her sails were gone but her mainsail, and that was badly split, and she came to anchor near the dock of the South Manitou island, on or about the first of December; that during the storm, for the purpose of lightening the schooner, and saving the balance of the cargo and the vessel, a portion of the cargo stowed on deck was thrown overboard; that soon after said schooner was anchored, the master and crew left her, and departed for their homes, the first mate, William Blyburn, alone remaining in custody of the vessel and cargo. That the libellant, having an insurance upon a part of said cargo, with the consent and at the request of the consignees, chartered the propeller Rossiter, with a competent and skillful master and crew, to go to the relief of said schooner, and to secure the vessel and cargo. The said propeller proceeded to the vessel, and took on board a portion of the cargo, rigged the schooner with a new jury-mast, supplied her with men, and towed her fifteen miles into the lake, whence, with the aid of these men and the first mate, she proceeded to Milwaukee, her port of destination. The propeller brought in that part of the cargo put on board of her. That by this means so much of the cargo was saved to the owners; that the libellant expended $2,087.75-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

100, which is alleged the proper subject matter of general average contribution upon the vessel, cargo, and freight, with the prayer of a decree for compensation and award by way of general average contribution.

Finch & Lynde, for libellant.
J. Downer, for claimants.

MILLER, District Judge. Has this court, in admiralty, jurisdiction in cases of general average? and, if so, is this a case of general average? In England, the court of admiralty has no jurisdiction in such cases. La Constancia, 2 W. Rob. Adm. 487. That court has been confined in its jurisdiction by the common law courts. Such has not been the case in America. Under the constitution of the United States, the district courts are vested with admiralty and maritime jurisdiction, and they have not been restricted within the narrow limits of the English admiralty. Waring v. Clark, 5 How. [46 U. S.] 441; New Jersey Steam Nav. Co. v. Merchants' Bank of Boston, 6 How. [47 U. S.] 344; The Genesee Chief, 12 How. [53 U. S.] 443; Fretz v. Bull, Id. 466; Cutler v. Rae, 7 How. [48 U. S.] 729. But in the case of The Constancia a substantial requisite to the jurisdiction is asserted, that in all cases of average, it is essential that the tribunal which is to adjust it should have the power to compel all parties interested to come in and pay their quota. The court of admiralty possesses no such power. It is very clear that this court would not entertain this jurisdiction unless all parties in interest were before it, for it could not adjust a general average, which is a proportionate contribution by all.

Jurisdiction has been entertained by the district court for the southern district of New York, in Mutual Safety Ins. Co. v. The Georgia [Case No. 9,981], and in The Packet [Id. 10,654], by the circuit court of the first circuit. The court of admiralty has jurisdiction in cases where the vessel or cargo is subject to a lien created by the maritime law, such as seamen's wages, bottomry, prize, salvage, etc. In these cases the maritime law attaches an absolute and unconditional lien, and the possession of the property is not necessary to its validity. Such liens follow the vessel or cargo into whose hands soever they may pass by title or purchase from the owner. Sheppard v. Taylor, 5 Pet. [30 U. S.] 675. But in general average, the party entitled to contribution has no absolute and unconditional lien upon the goods or property liable to contribution. Possession may be retained until the general average with which the property is charged has been paid or secured. This right of retainer is a qualified lien, to which the party is entitled by the maritime law; but it depends on the possession of the goods by the master or ship-owner, and ceases when they are delivered to the owner or consignee. It does not follow the property into their hands, nor adhere to the proceeds. Upon re-

ceipt of the property by the owner, the law implies a promise that he will pay his contribution, as the owner is liable, because at the time he receives the goods, they are bound to share in the loss of other property by which they have been saved; and he is not entitled to demand them until the contribution has been paid. This promise is not implied by the maritime law, which gave the lien, but upon the principles of the common law courts, upon the ground that in equity and good conscience he is bound to pay the money, and is therefore presumed to have made the promise when he received the goods. It is, for these reasons, decided, in Cutler v. Rae [supra], that a libel in personam for a contribution by way of general average, cannot be sustained in the admiralty courts of the United States. In the conclusion of the opinion, the chief justice remarks: "Whether the court of admiralty might not have proceeded in rem to enforce the maritime law before the goods were delivered, is a question which does not arise in this case, and upon which, therefore, we express no opinion." From this remark a doubt as to the jurisdiction may be inferred. But as the courts are not limited in their jurisdiction as in England, I have little doubt but in cases wherein all interests are represented, the court in admiralty may decree contribution upon a libel for general average. Now as to this case, I will not stop to inquire whether all the property bound to contribute has been libelled and is before the court or not. This case does not require this inquiry.

Salvage charges are deemed a general average when incurred for the benefit of all concerned. It is properly a charge apportionable upon all the interests and property at risk in the voyage which derive any benefit therefrom. But still these charges may be a simple average or partial loss. The circumstances of the case are to be looked to, to ascertain whether they be the one or the other. Fland. Adm. 284, 285, and cases cited. Salvage services are an unconditional lien upon the property saved, and all must contribute toward its payment. But we have stated that such is not so in cases of general average. The one is a claim for the preservation of property; the other is a claim of contribution for a loss, voluntarily sustained for the common safety. The latter cannot be confounded with, or converted into the former. It is the deliverance from an immediate impending peril, by a common sacrifice, which constitutes the essence of a claim of general average. It is the safety of the property, and not the voyage, which constitutes the foundation of general average. This principle is decided in Caze v. Reilly [Case No. 2,538], Sims v. Gurney, 4 Bin. 513, and Gray v. Waln, 2 Serg. & R. 229, and is sustained in Columbian Ins. Co. v. Ashby, 13 Pet. [38 U. S.] 331. This last case settles several principles upon the subject of general average, but not necessary to be stated here.

Bernard v. Adams, 10 How. [51 U. S.] 270, settles the case under consideration conclusively against the libellant. The court in that case again adheres to the decision in the case of The Hope, 13 Pet. [38 U. S.] 331, and again affirms the decisions in Caze v. Reilly, Sims v. Gurney, and Gray v. Waln [supra]. In the opinion by Mr. Justice Grier, it is stated that "The law of general average has its foundation in equity. The principle that what is given for the general benefit of all shall be made good by the contribution of all, is recommended not only by its equity but also by its policy, because it encourages the owner to throw away his property without hesitation in time of need. In order to constitute a case for general average three things must concur: 1. A common danger; a danger in which ship, cargo and crew all participate; a danger imminent and apparently inevitable, except by voluntarily incurring the loss of a portion of the whole to save the remainder. 2. There must be a voluntary jettison, jactus, or casting away of some portion of the joint concern, for the purpose of avoiding this imminent peril, 'periculi imminentis evitandi causa,' or, in other words, a transfer of the peril from the whole to a particular portion of the whole. 3. This attempt to avoid the imminent common peril must be successful." It is not necessary to proceed further to show that the Commercial Insurance Company has not brought itself within these requirements. The libel does not present a case for general average.

NOTE [from original report]. See Dike v. The St. Joseph [Case No. 3,908]; Campbell v. The Alknomac [Id. 2,350]; Potter v. Ocean Ins. Co. [Id. 11,335]; Rea v. Cutler [Id. 11,599]. For an extended discussion of the law of general average and contribution, and full reference to authorities, see 1 Pars. Adm. 338 et seq. Vessel and cargo in hold not liable to contribution for deck load jettisoned. Triplet v. Van Name [Case No. 14,176]; The Paragon [Id. 10,708]; The Milwaukee Belle [Id. 9,627]. The loss must be voluntary. Sims v. Gurney, 4 Bin. 524; Peters v. Warren Ins. Co. [Case No. 11,-034]; Arnold, Ins. 881; 3 Kent, Comm. 232-240; Spafford v. Dodge, 14 Mass. 74. Attempt must be successful. Williams v. Suffolk Ins. Co. [Case No. 17,739]; Rossiter v. Chester, 1 Doug. [Mich.] 154; Scudder v. Bradford, 14 Pick. 13; Bradhurst v. Columbian Ins. Co., 9 Johns. 9; Whitteridge v. Norris, 6 Mass. 125; Sims v. Gurney, 4 Bin. 513, 524. Sacrifice must be necessary. 3 Kent, Comm. 233; 1 Pars. Adm. 409, and authorities there cited. It seems that if it were expressed in bill of lading that general average was to be paid, the person receiving the goods would be liable for contribution. Scaife v. Tobin, 3 Barn. & Adol. 523. Owner's remedy against consignee is not lost by the latter's receiving the cargo at the port of necessity, and forwarding it himself to its destination. Sherwood v. Ruggles, 2 Sandf. 55. Master has a lien on all goods for their contributory shares. U. S. v. Wilder [Case No. 16,694]; Sherwood v. Ruggles, 2 Sandf. 55; Gillett v. Ellis, 11 Ill. 579; Chamberlain v. Reed, 13 Me. 357; Dupont de Nemours v. Vance, 19 How. [60 U. S.] 162. The practice is for the captain to demand of the consignee an average bond before delivery of the goods. This he has a right to do. Cole v. Bartlett, 4 La. 130. See, also, Scaife v. Tobin, 3 Barn. & Adol. 523. If by the neglect of the master the shipper loses

the contribution to which he is entitled, the ship-owner is liable. Gillett v. Ellis, 11 Ill. 579. In the case of Eckford v. Wood, 5 Ala. 136, the court ruled that if the master voluntarily part with goods which he is authorized to retain, and afterwards pay the contribution for which he could have retained them. an implied assumpsit is raised that he shall be repaid by the owner. The supreme court, in the case of Cutler v. Rae, 7 How. [48 U. S.] 729, decided that though the master had, by the maritime law, a lien upon the goods as security for the payment of their just contribution, that this lien was lost by their voluntary delivery to the consignee, and that the implied promise to contribute could not be enforced by an action in personam against the consignee in admiralty. And in the case of Dupont de Nemours v. Vance, 19 How. [60 U. S.] 162, the supreme court, referring to the former case, say that this lien is put on the same footing as a maritime lien on cargo for the price of its transportation, which, it is well known, is waived by an authorized delivery without insisting on payment.