COLE *vs.* BARTLETT.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where two persons are sued jointly, but the petition does not state them to be jointly responsible, it authorizes judgement against them severally; and in such a case, a plaintiff declining to take judgement by default against one, amounts to a discontinuance as to him.

The objection that a judgement cannot be given against the consignee unless he receives the goods, cannot be urged where the latter has sued for damages for the nondelivery of the goods.

The captain has a right to demand of the consignee that he sign an average bond before delivery of the goods.

The petition set forth, that the plaintiff, as master of the brig Sabat, had a lien or privilege upon a quantity of ice shipped by one Lang, at Boston, as the cargo of said vessel, and consigned to the defendant in New-Orleans, the latter paying freight for the same. That upon the arrival of the vessel the consignee was duly notified; but refused to receive the ice or pay the freight. It concluded with a prayer that an attorney might be appointed to represent Lang; that the defendant be cited to answer, and that the ice should be seized and sold to satisfy the freight. An attorney was accordingly appointed to represent Lang, but declined to act; and the suit proceeded against the defendant alone, who, in his answer, averred, that the plaintiff refused to deliver the ice mentioned in the petition, and by his careless conduct in the transportation of the same, had damaged the respondent to a large amount, which was claimed in reconvention.

On the merits there was judgement for the plaintiff, and the defendant appealed.

*Schmidt,* for appellant, made the following points:

1. The cause having been tried without any issue as to Lang, of whose defence Bartlett had an undoubted right to avail himself, judgement must be reversed and the cause remanded.

2. The judgement is erroneous, in as much as the petitioner prays for payment of freight out of the proceeds of the sale of the ice, and it is personal against Bartlett.

3. Judgement is erroneous, because appellant was consignee only, and as such, not liable for the freight, unless he had received the cargo. *Abbot on Shipping*, p. 285.

*Crawford*, contra: .

1. It is not material to Bartlett whether an issue was made between the plaintiff and Lang, as he is not affected thereby. All that the plaintiff could do was to make him a party, and have counsel assigned him as an absent defendant; and this, if objectionable, should have been excepted to.

2. The answer in reconvention of Bartlett, in which he alleges himself to be the owner of the ice, the prayer of the plaintiff for general relief, &c., entitle him to the judgement.

3. The judgement is not against Bartlett as consignee of the ice, but as owner.

PORTER, J., delivered the opinion of the court.

This action was brought against the defendant, and another person, Lang, who is stated to be a nonresident. An attorney was appointed to the latter, who failed to plead; and the suit proceeded against the defendant, Bartlett, until judgement was rendered against him, from which judgement he has appealed.

The petition states, that the plaintiff is master of the brig Sabat, and that he has a lien or privilege for freight, amounting to six hundred and fifty dollars on a quantity of ice which was shipped from Boston to New-Orleans, by John Lang, and consigned to J. Bartlett. It further avers, that

the petitioner has notified the consignee of his readiness to deliver the cargo, but that he refuses to receive it.

That the ice is liable to waste and injury, wherefore the petitioner prays it may be sold and that judgement be rendered against the defendant; which judgement, it is prayed, may be satisfied out of the proceeds of the sale of the cargo.

The defendant and appellant answered by averring, that the plaintiff had refused to deliver the ice, and had delayed so long on the voyage, and transported the cargo so negligently, that he was not entitled to the freight. The answer concludes by a prayer in reconvention; it avers, that the defendant has sustained damage to the amount of one thousand five hundred dollars by the plaintiff's violation of his contract.

*Where two persons are sued jointly, but the petition does not state them to be jointly responsible, it authorizes judgement against them severally, and in such a case, a plaintiff declining to take judgement by default against one, amounts to a discontinuance as to him.*

The first objection to the correctness of the judgement rendered below, is that, as the plaintiff commenced his action jointly against the consignor and consignee, he cannot recover separately. We think he may. The petition does not state them to be jointly responsible. It authorized judgement against them severally; and the plaintiff had a right to discontinue as to one. This he did, virtually, by declining to take judgement by default against the consignor.

*The objection that a judgement cannot be given against the consignee unless he receives the goods, cannot be urged where the latter has sued for damages for the non delivery of the goods.*

The second is, that judgement cannot be given against the consignee unless he receives the goods. The appellant, in our opinion, cannot urge this objection after suing for damages for the non delivery before he paid the freight. Such a right could only be exercised by the owner. See *Story's Abbott,* (ed. 1829,) 216, 286.

*The captain has a right to demand of the consignee that he sign an average bond before delivery of the goods.*

The third is, that the captain connected with his offer to deliver, a demand on the defendant to sign an average bond, and that he had no right to make this condition. It is believed by us that he had. It is stated in Abbott to be a commercial usage, and his annotator in this country, judge Story, does not state our law or custom to be different. Chancellor Kent states the English rule in his commentaries without qualification. It appears to us reasonable and to rest on the same principles as the right of the captain to refuse delivery until the freight is paid. *Story's Abbott,* 246. 3 *Kent's Com.* 196.

On the merits of the case, both in relation to the claim of the plaintiff, and that of the defendant in reconvention, we concur with the judge of the first instance.

EASTERN DIS.
June, 1832.

It is, therefore, ordered, adjudged, and decreed, that his judgement be affirmed, with costs.