LAMBETH AND
THOMPSON
*vs.*
M'MURRAY ET AL.
Attaching creditors should be
paid in the order
of dates of their
attachments, and
not *pro rata*.

---

LAMBETH AND THOMPSON *vs.* M'MURRAY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plaintiff may join the action to annul a contract of his debtor with
another person, made to cover his property, to the principal demand
against such debtor.

A question of fraud is the peculiar province of the jury, and their verdict wlil not be disturbed, when generally supported by the testimony.

Judgments of the inferior courts, founded on verdicts of juries, should never be brought before the Supreme Court, without showing that an unsuccessful attempt has been made to obtain a new trial.

EASTERN DIST.
*June*, 1840.

LAMBETH AND
THOMPSON
*vs.*
M'MURRAY ET AL

This is an action against W. H. M'Murray, on his bill of exchange drawn at Glasgow, in Kentucky, the 20th June, 1837, for one thousand dollars, on the plaintiffs in New-Orleans, and by them accepted, as is alleged, for the benefit and accommodation of the drawer. They pray judgment for the amount of said draft, and damages, &c., and that property of the defendant in the hands of A. H. Wallace & Co., be attached to satisfy said demand. The attachment was served on Wallace & Co., and they cited as garnishees.

They answered, that they were not indebted to, and had no property of William H. M'Murray, in their possession, but that there was fifty-eight hogsheads of tobacco consigned to them by John G. M'Murray, and they cannot state in whom was the right of property; that they had made advances to John G. M'Murray, on said tobacco, before the issuing of attachment, in the sum of five hundred and forty dollars, which they pray may be allowed them out of its proceeds.

. The attorney appointed to defend, disclaimed all ownership, on the part of the defendant, of the property attached.

John G. M'Murray now intervened, and claimed the property. He alleges, that the interest of W. H. M'Murray in said tobacco was sold under execution in Kentucky, and purchased by him; and that in September, 1837, one Wilson obtained judgments, in Kentucky, against both him and W. H. M'Murray, for upwards of one thousand dollars; and he made an arrangement with Wilson, that John S. Page should bring the tobacco to New-Orleans, sell it, and appropriate the proceeds to the payment of these judgments. On the 4th October, 1837, Page gave a receipt for it, and was proceeding to execute his trust, when the tobacco was attached. That some of said tobacco belonged to planters,

EASTERN DIST.
June, 1840.

LAMBETH AND
THOMPSON
vs.
M'MURRAY ET AL
&c. He prays that it be delivered up to him for the purposes set forth in his petition. Page also intervened, and claimed the tobacco to be applied in payment of the judgments of Wilson, and alleged that a large portion of it belonged to planters.

The plaintiffs, in answer to the petitions of intervention, denied each and every allegation therein, and that John G. M'Murray is not the owner of the property, as is stated by him, but that the sale spoken of was pretended and fraudulent, and made to screen the property of W. H. M'Murray from his creditors. They pray that the interventions be dismissed.

Upon these pleadings and issues, the parties went to trial, and the cause was submitted to a jury.

The plaintiffs made proof of their demand, and showed that they accepted and paid defendant's draft, without having any funds of his. That the sales of the tobacco amounted to two thousand five hundred and eighty-five dollars, and that a considerable amount had been paid over to John G. M'Murray.

The intervenor, J. G. M'Murray, exhibited a mortgage from W. H. M'Murray, executed in Kentucky, in May, 1837, on this boat load of tobacco, to secure him against the payment of two notes, amounting to about one thousand dollars. There was a mass of testimony offered in behalf of the intervenors, which however failed to convince the jury; who returned a verdict for the plaintiffs, for the amount of their demand against the defendant; and they also found against the intervenors.

The counsel for the intervenors requested the court to charge the jury that the question of fraud set up in the answer to the petition of intervention, could not be legally put before the jury, with the plaintiff's demand against the defendant; that a revocatory action should have been instituted to set aside the sale and transfer of the tobacco. The court refused; but charged the jury, that the plaintiffs could join the action, to annul the contract of sale and transfer, to that they had already brought to recover their debt against

the defendant, although there was no prayer in their answer to the interventions, for annulling the transfer of the property attached.

EASTERN DIST.
June, 1840.

No motion having been made for a new trial, there was judgment for the plaintiffs, confirming the verdict, and the intervenors appealed.

LAMBETH AND THOMPSON
vs.
M'MURRAY ET AL

*C. M. Jones,* for the plaintiffs.

*Peyton,* for the appellants.

*Simon, J.,* delivered the opinion of the court.

Plaintiffs brought this suit to recover the sum of one thousand seventy-five dollars; they issued an attachment, which was levied on a certain number of hogsheads of tobacco consigned to Wallace & Co., by John G. M'Murray. Said Wallace & Co., made garnishees, answered the interrogatories propounded to them by plaintiffs, and show, that they had already made to John G. M'Murray, advances to a large amount, to be deducted from the proceeds of the sale of the tobacco. During the pendency of the suit, John G. M'Murray and one John S. Page, intervened to claim the tobacco, or the proceeds thereof, as their own; alleging that said tobacco had been sold by the sheriff in Kentucky, under an execution issued against the defendant; that John G. M'Murray was also interested in said tobacco for one-half; that previous to the time of the sale of the tobacco, the defendant had given his brother a mortgage on the same, to secure or indemnify him against certain security debts and liabilities, which John G. M'Murray had contracted and incurred for the defendant; that one Derastus Wilson, having obtained, in Kentucky, certain judgments against the intervenors and defendant, issued his executions which were levied on the said tobacco; and that, for the purpose of avoiding a sacrifice of the same, it was agreed between the parties that it should be sent to New-Orleans, to be there sold for the best price it could bring, and that out of the proceeds, the judgment should be discharged. They pray that the tobacco be decreed to belong to John G. M'Murray, or that

Eastern Dist.
June, 1840.

LAMBETH AND
THOMPSON
vs.
M'MURRAY ET AL

the proceeds be paid over to the intervenors, to satisfy the judgments, and that the residue be paid over to John G. M'Murray. The plaintiffs joined issue, by alleging fraud against the intervenors, and averring that the sale spoken of, was done in order to screen the property from defendant's creditors.

The counsel appointed to represent the absent defendant, also filed his answer, and disclaimed any right of ownership to, or interest in the property attached. There was a verdict and judgment in favor of plaintiff against defendant and intervenors, and the intervenors appealed.

The intervenors appear to be dissatisfied with the charge of the judge *a quo* to the jury, in which he stated, in substance, that it was his opinion that the plaintiffs could join the action to annul the contract, to that instituted for the recovery of their demand ; and that no objection having been made to the evidence introduced to prove the fraud, nor any exception taken to the answer in which the fraud is alleged, the jury were seized of the issue of fraud, as presented by the face of the pleadings. Although no bill of exceptions has been taken to the charge of the court, nor to the refusal of the judge to charge the jury, as requested by intervenors' counsel; and, although the charge of the court only appears in a statement of facts, without reserving the exceptions made by the intervenors, we feel disposed to give our opinion on the legality of the charge. We think the district judge

The plaintiff may join the action to annul a contract of his debtor with another person to cover his property, to the principal demand against such debtor.

A question of fraud is the peculiar province of the jury and their verdict will not be disturbed, when generally supported by the testimony.

did not err ; it is perfectly clear that the plaintiffs may join the action to annul a contract, to the principal demand ; (*Louisiana Code*, 1970), and they certainly had a right to oppose the intervenor's claim, by pleading that the contract on which they relied was fraudulent, and simulated. The question of fraud raised in this case, was one particularly of the province of a jury ; and no exception having been taken to the pleadings, nor any objection made to the evidence, the jury was, undoubtedly, seized of all the issues presented to their decision.

On the merits, we are not ready to say that the verdict of the jury is so clearly erroneous as to require our interfer-

EASTERN DIST.
June, 1840.

ence. The testimony adduced is contradictory; the evidence of Wilson, first taken under a commission, was introduced and read to the jury, without any objection on the part of the intervenors. It appears, also, from the answers of the garnishees to the interrogatories, and from an account of sales of the tobacco, filed in the suit, that the intervenors had already received advances above the amount of their liabilities, as shown by the testimony of Wilson, and on the whole, we think justice does not require that the verdict of the jury should be disturbed.

The intervenors did not think proper to apply to the lower court for a new trial; and we are unable to say that the district judge should have granted one, if it had been moved for; nor that he would have erred, if it had been refused. Judgments of inferior tribunals, founded on verdicts of juries, should never come before this court, without showing that an unsuccessful attempt has been made to obtain a new trial.

Judgments of the inferior courts, founded on verdicts of juries should never be brought before the Supreme Court, without showing that an unsuccessful attempt has been made to obtain a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.