No. 4986.

RUSSELL & HALL VS. ELLEN KEEFE ET AL.

The laches complained of in regard to the statement of fact, if any there be, can not be attributed to the appellant, but to the judge *a quo*. The appellant applied to the judge to make the statement of facts in time, and the failure to make it before granting the appeal can not be considered just cause to dismiss it.

To annul a sale for fraud or simulation, the original debtor must be a party to the suit only where the debt has not been previously liquidated by a judgment. In this case, plaintiffs had obtained a judgment against the transferrer of the property in question before this suit was brought.

It is true that plaintiffs contracted with the transferrer anterior to the transfer of the property to Ellen Keefe. But it is also true that her title appears not to have been recorded, and thus plaintiffs could not be charged with notice of the transfer.

Here a longer time elapsed between the pretended sale and the time when this suit was tried than was necessary to deliver the property, and the pretended vendor remained in possession of the property. This placed the *onus* of establishing the *bona fides* of the transaction upon the transferee. There is no evidence of good faith in the record.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. John M. Bonner*, for plaintiffs and appellees. *John N. Healy* and *Richard Shackelford*, for defendant and appellant.

ON MOTION TO DISMISS.

LUDELING, C. J. A motion to dismiss this appeal has been made on the grounds following:

That the transcript does not show that appellees have been cited; that the transcript is incomplete; that the statement of facts made by the judge was made too late, having been made after the appeal was granted.

The first objection was waived by making the second and third objections, even if the appellees had not been cited. But they were properly cited.

Second—The transcript was corrected by *certiorari*.

Third—The *laches*, complained of in regard to the statement of fact, if any there be, can not be attributed to the appellant, but to the judge

*a quo.* The appellant applied to the judge to make the statement of facts in time, and the failure to make it before granting the appeal can not be considered just cause to dismiss the appeal.

The motion is therefore refused.

---

### ON THE MERITS.

MORGAN, J.  The allegations in the petition, are that plaintiffs obtained judgment against M. Lacey; that execution issued thereon; that only a small portion thereof was realized under the execution; that Lacey made a fraudulent and simulated transfer of a certain piece of real estate to Ellen Keefe, the defendant, for the purpose of concealing it from his creditors, thus depriving plaintiffs of the power to collect their debt. They pray that the sale of the property from Lacey to Keefe may be declared fraudulent and simulated, and that it be declared subject to seizure. Lacey and Keefe were both cited.  Ellen Keefe alone answered.  She alleges that she purchased the property for a valuable consideration, by public act, on the thirtieth of April, 1873.  The suit of the plaintiffs against Lacey was instituted on the ninth of May, 1873.  The judgment against him was rendered on the tenth of June, 1873, and was signed on the fourteenth of the same month.

In the suit now before us judgment was rendered against the defendant, Ellen Keefe, decreeing the property which she purchased from Lacey subject to plaintiffs' execution in the case of Russell & Hall vs. Lacey.  From this judgment Ellen Keefe has appealed.  She has assigned the following alleged errors, apparent on the face of the record, in support of her appeal:

First—That the allegations in the petition are not sufficient to warrant the judgment appealed from.

Second—That the case was not fully at issue when it was tried, no issue having been raised between the plaintiffs and Lacey.

Third—That the case was tried upon Tuesday, the twenty-fifth of November, 1873, a day upon which no appealable case could be tried, Tuesday of each week being set aside by the rules of the Sixth District Court for the trial of unappealable cases exclusively, which was the reason why the clerk failed to take down the testimony of the witnesses who were examined in the case.

Fourth—That the allegations in the petition show that plaintiffs did not contract with Lacey, after the date of the act of sale from Lacey to her, and that plaintiffs, therefore, were not in a position to throw the burden of proving the verity and *bona fide* consideration of said sale upon her.

First—The allegations in the petition allege a fraudulent transfer of property, to the prejudice of the plaintiffs. This is good cause, if true, to bring a suit to annul the transfer.

Second—In so far as the appellant is concerned, it matters not whether the issue was joined between the plaintiffs and Lacey or not. It was joined as to her, and the only question in which she has any interest is, whether the judgment which declares her act to have been fraudulent and simulated was properly rendered. Besides, to annul a contract for fraud or simulation, the original debtor must be a party to the suit only where the debt has not been previously liquidated by a judgment. 2 Hennen's Digest, p. 1034, section 2, No. 1, and the cases there cited. In this case plaintiffs had obtained a judgment against Lacey before this suit was brought.

Third—The case was tried without objection on the day upon which it was assigned for trial. If it was improperly assigned, objection should have been made before going into the trial. As to the objection that appellant was thus precluded from causing the testimony adduced to be taken down in writing, it is not shown that any attempt was made to cause it to be so taken. Besides, the district judge has made out a statement of facts, the correctness of which is not disputed, and we do not see how appellant has been injured, or wherein she has been deprived of any right in this regard.

Fourth—It is true that plaintiffs contracted with Lacey anterior to the transfer of the property to Ellen Keefe. But it is also true that her title appears not to have been recorded, and thus plaintiffs could not be charged with notice of the transfer. It is also true that Lacey continued in possession of the property. He occupied it before the sale, and he was occupying it when this suit was brought. The pretended sale was made on the thirtieth April, 1873. This case was tried in the district court in December of the same year. There is no pretense of a lease. Lacey's possession, therefore, was never interfered with, practically or technically. In cases of contracts which purport to transfer the ownership of immovable property, if he who transfers it is suffered by the obligee to remain in corporeal possession for a longer time than is reasonably required to deliver the actual possession, and to act as owner, to the injury of a third person, who may afterward contract with him, or acquire rights upon his property as creditor, it will be considered as a mark of fraud, and will throw the burden of proving that the contract was made *bona fide* upon him to whom the ownership of the property was transferred by the first contract, in any controversy with creditors of the obligor or person acquiring *bona fide* intermediate rights by contract with him. R. C. C. 1921.

Here a longer time elapsed between the pretended sale and the time

Russell & Hall vs. Ellen Keefe.

when this suit was tried than was necessary to deliver the property, and the pretended vendor remained in possession of the property. This placed the *onus* of establishing the *bona fides* of the transaction upon the transferee. There is no evidence of good faith in the record.

"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and, with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale." C. C. 2480.

In this case it is not pretended that Lacey remained in possession of the property which Ellen Keefe asserts was transferred by him to her by any title whatever, and, as we have before said, there is no evidence whatever of any good faith in the transaction. We conclude, therefore, that the judgment of the district court was properly rendered. *Vide* 17 La. 360; 11 An. 163; 15 An. 4, 556.

Judgment affirmed.

[NOTICE.—The following cases, decided in 1876, not being ready to be delivered to me by the clerk of the court when I went out of office on the nineteenth of February, 1877, are reported by my successor, Mr. Percy Roberts.—CHARLES GAYARRE.]