Eschert vs. Harrison.

No. 6784.

T. ESCHERT VS. W. C. HARRISON ET AL.

When the sheriff is not interested in an injunction suit, and is only connected with
it by having had a notice served on him that the writ was suspended, he is not a
necessary party to an appeal in such a suit.

The omission to state the *day* of the month in the date of an appeal bond, when the
month and year are given, is supplied by the date of the filing of the bond.

Failure to set forth specifically the amount of an appeal bond is not ground to dis-
miss the appeal. It will be assumed that it was given for the amount prescribed
in the order of court granting the appeal.

Indicating the clerk of the lower court, the payee in an appeal bond, by abbreviat-
ed signs is not fatal to the bond, if its recitals elsewhere make certain what
court and clerk were meant.

The incompleteness of a record, caused by the loss of a portion of it, when the loss
is properly certified by the clerk of the lower court, is not a sufficient cause for
the dismissal of the appeal.

APPEAL from the Fifth District Court for the parish of Orleans.   *Cul-
lom*, J.

*Labatt & Clinton*, for plaintiff and appellant.

*G. L. Hall*, for defendant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

MANNING, C. J.   The motion to dismiss is based on four grounds;

1. That all parties to the suit are not made parties to the appeal.

It is an injunction, and the sheriff is the party who has not been cited.
A sheriff who is a party to proceedings by injunction only for the pur-
pose of notifying him that the execution of the writ has been suspended,
and who has no interest in the result, need not be made a party to an
appeal from the judgment of the lower court. . Boguille v. Faille, 1
Annual, 204. Francis v. Scott, 5 Annual, 668. Boykin v. O'Hara, 6
Annual, 115.

2. That there is no bond of appeal such as is required by law.

There is no date to the bond, no sum mentioned in it, and not the
proper payee. The day of the month is not inserted, but the month and
year are mentioned.   The date of filing supplies the omission.   The
omission of the amount of the bond is not fatal.   The bond is read in
connection with the order of the court, and the law implies that it was
given for the prescribed sum, although no specific sum is mentioned in
it.   This ruling is now too old to be disturbed.   Mason v. Fuller, 12
Annual, 68.   Stille v. Beauchamp, 13 Annual, 604.   The payee of the
bond is the clerk of the 5th Dt. Ct. parish of Orleans.   The appellant
says the Fifth District Court is meant by these abbreviations, and we
regret that we are obliged to tolerate this careless and slip-shod way of
preparing legal papers, because in a subsequent part of the bond the

names of the suit and court are properly recited, and render certain what court is meant.

3. That the record is incomplete.

The certificate accounts for the absence of a particular record by stating that it is lost. The clerk could nowhere find it, and the appellant cannot at this stage of the case suffer because of its loss.

4. That this court is without jurisdiction.

The sum claimed in the petition for injunction exceeds five hundred dollars.

The motion to dismiss is refused.