### No. 9685.

### A. D. HENKEL vs. F. P. MIX, SHERIFF, ET AL.

When parties really intend to create a mortgage for the security of an existing or contemplated debt and adopt the form of a sale with a counter letter which, taken together, exhibit such intention, the contract will be construed as a mortgage and effect will be given to it accordingly.

But when the act of sale and the counter letter both concur in asserting that it is a sale, the latter containing the agreement that the vendor may redeem within a given time, it must be held to be a sale with the right of redemption, and if the right is not exercised within the time agreed on it is forever lost.

When the vendee or his representative, he being dead, attempts to sell the land before the expiration of the time for redemption, and the vendor injoins the sale on other grounds and the time expires before the trial of the suit, the defendant will be mulcted in costs that were incurred before the expiration of the time.

APPEAL from the Eighteenth District Court, Parish of Tangipahoa, Thompson, J.

---

*Reid & Reid,* for Plaintiff and Appellant.

*T. C. W.* and *S. D. Ellis,* for Defendant and Appellee.

---

The opinion of the Court was delivered by

MANNING, J. This is an injunction restraining the sheriff and the administratrix of B. S. Gullett from selling a tract of land.

In October, 1880, Henkel sold to Gullett the tract of land for $2,079 69 cash, and on same day Gullett made and signed an agreement reciting that he had bought the land but would reconvey it if within two years Henkel paid him the purchase price with eight per cent interest, and

meanwhile Henkel might occupy it as his tenant free of charge except the interest specified.

Gullett died in 1881 and his widow, as administratrix, inventoried the land as the property of the succession, and in the spring of 1882 she obtained an order of court for its sale, and advertised it, whereupon Henkel filed this suit.

Henkel died in July, 1883, and his widow and heirs were made parties. The case was tried in January, 1886, and the defendants had judgment dissolving the injunction.

Henkel had declared and recorded this property as his homestead in June, 1880. In the following autumn he wanted to buy a stock of goods of Gullett, and offered to mortgage this property to secure the debt. Gullett refused to take it. It was then agreed that Henkel would sell the land to Gullett in payment of the debt he was about to contract, and the latter would reconvey it at the expiration of two years if the price he had given for it should then be paid.

The ground of injunction is that "it was not the intention of the parties" that the act passed by the notary as a sale and having that form should be a sale, but "that it was intended by both parties thereto to constitute a mortgage or pledge of the land for the payment of the indebtedness of $2,079 with interest," and that the "legal effect of the act and counter letter is to operate a mortgage or pledge of the land," which is null and void as contravening the constitutional prohibition against mortgaging a homestead. Art. 222. Should the contract, however, be deemed a sale or giving in payment with privilege of redemption, he alleges that it is void for want of delivery.

This Court has held over and over again that when parties really intend to create a mortgage for the security of an existing or contemplated debt, and adopt the form of a sale with counter letter, which, taken together, exhibit such intention, the sale will be construed as a mortgage and effect be given to it accordingly. The whole subject with numerous decisions thereon was reviewed in Parmer vs. Mangham, 31 Ann. 348, and very lately we applied the doctrine in Crozier vs. Ragan, not yet reported.

But the plaintiff, under cover of those decisions, wishes us to announce a very different doctrine, viz: That when the authentic act is in form a sale, and the counter letter repeats that the intention of the parties is that it shall be what it purports to be, and emphasizes the expression of that intention by a preamble, "Whereas, B. D. Gullett has this day *purchased* of A. D. Henkel the tract of land," and he promises to *reconvey* after the lapse of a certain time and on certain.

conditions, and Henkel expressly and in terms accepts the position of tenant to the vendee, that then and in such case the intention of the parties shall be disregarded and the act shall be declared to be a mortgage. The injunction explicitly rests upon what is alleged to have been the intention of the parties. The counter letter as explicitly declares that intention to have been wholly different from what is now alleged.

The notary was offered to prove what was said to him by the parties when the act was about to be drafted and the defendant objected and the court admitted the testimony. It is unnecessary to consider the objections since the defendant is not hurt. The notary confirms the the counter letter and says he asked Gullett if he should draw a mortgage and was answered, "No, he would not take a mortgage, it must be a sale." The act was recorded in the book of sales and not in the mortgage book.

If it were true that the parties intended the contract to be one of mortgage, but they or one of them put it in form of a sale to evade the prohibition of mortgaging a homestead, we should give effect to the intention, and let the party who tried to evade the law take the consequences. But the counter letter, the repository of the direct intention, rebuts and precludes the belief that either of them intended it to be a security for a debt, but both understood and designed that it should be a sale with delivery and a faculty of redemption. Unquestionably one may sell property and immediately lease it from his vendee at a stipulated rent, and Henkel did this, accepting the tenancy in express terms.

Neither of the parties treat the contract as one of exchange. It was a sale with right of redemption, and as that right was not exercised within the time agreed on the buyer became irrevocably owner. Rev. Civ. Code, Art. 2570.

The sale of the property by the administratrix was advertised in April, 1882, before the expiration of the time for redemption—two years from October, 1880—and the lower judge in consequence ordered the defendant to pay all the costs. He answers the appeal praying that the plaintiff pay the costs.

Neither is right. The defendant must pay the costs incurred up to October 19, 1882, the date of expiration of the time for redemption, and the plaintiff must pay all other costs.

The equities of the case are all with the defendant. The plaintiff made with him a contract that he deemed highly advantageous to himself. The defendant without concealment or subterfuge declared

State ex rel. Heirs of Gee vs. Judge

what the contract was and as plainly what it was not, and the plaintiff agreed and assented, reaped the benefit of it, and the instant it was to be enforced swore it was not what he had asserted it was. He could lawfully sell his homestead and having sold it and received and enjoyed the price, he cannot find shelter under a law that has no application to such a case as his.

It is therefore ordered and decreed that the judgment of the lower court is amended in this, that the defendant is condemned to pay the costs incurred prior to October 19, 1882, and the plaintiff to pay all others, and as thus amended it is affirmed.