Lawler & Huck vs. Cosgrove.

## No. 9808.

LAWLER & HUCK VS. PETER COSGROVE.—J. B. CAMORS, THIRD OPPONENT.

A *bona fide* sale, with the pact of redemption, ostensibly valid and duly recorded, passes title of ownership, and cannot be attacked collaterally by a creditor of the vendor, who must be relegated to a direct action.

Under the charge of simulation, such creditor cannot be permitted to show that the transaction ought to be avoided on other grounds.

Evidence adduced and received only as going to the effect must be restricted to the issue of simulation.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*J. O. Nixon, Jr.*, for Plaintiff and Appellee.

*P. E. Théard & Sons* for Third Opponent and Appellant:

1. A sale with the right of redemption is a sale with a resolutory condition, and not a contract of hypothecary or pignorative security. Duranton, Cours de droit, Vol. 16, Secs. 388, 389, 390; Lahaye's notes to Napoleon Code, Art. 1659; Dalloz on Sale, No. 825; 23 Ann. 661.

2. Such a sale does not merely serve to secure the purchaser to the extent of any just claim he may have against his vendor; but vests in him an immediate ownership, which is defeasible only by the happening of the condition, or, in other words, by the exercise of the faculty to redeem. 23 Ann. 661; 32 Ann. 784; 35 Ann. 856.

3. An act of sale, ostensibly valid, in due form of law, passed at a time not suspicious, for a valuable consideration, and accompanied by possession as owner, cannot be attacked collaterally, and property conveyed by it cannot be seized by a creditor of the vendor, without resort to a direct action *en declaration de simulation*. 33 Ann. 1026.

4. It is only in cases of pure simulation that a direct seizure is permitted.

5. By a simulated act is meant one that has no consideration, no existence, no reality, a sham, a myth, without soul or substance. Hence, an act that has a consideration, however inadequate, or even different from that which is expressed in it, is not a simulation. 30 Ann. 966; Renshaw vs. Dowty, not yet reported.

6. An act of sale, with the right of redemption, even although the consideration be money loaned by the vendee, cannot be treated as a simulation by a creditor of the vendor and attacked collaterally. 1 Ann. 432; 28 Ann. 29; 30 Ann. 186; 38 Ann. 483.

7. Plaintiffs, after averring simply that a certain act of sale is a simulation, cannot contend that the same act is in reality a contract of hypothecary or pignorative security, and that property, apparently conveyed by it, may be seized by a creditor of the vendor and sold subject to the hypothecary rights of the ostensible vendee. An averment that an act is simulated is equivalent to saying that there is no contract at all.

8. If not inconsistent with an averment of simulation, the allegation should at least be specially made that an act, under which title is claimed, is a contract other than what it seems to be.

9. The true intentions of parties to a written act can be made to appear only by the stipulations of the act itself, by counter-letters or by other written evidence. 32 Ann. 784; 36 Ann. 100; 38 Ann. 154, 271; 23 Ann. 661. Therefore, parol evidence, which has been admitted under an issue of simulation, should not be considered in ascertaining whether the parties to an act meant to enter into a contract other than the one apparently entered into, unless, perchance, the said evidence has been admitted in a case

where the party claiming the benefit of the said act had been put on his guard, by special averment, that the said act was not what it purported to be, but was another contract in disguise.

10. The evidence, both oral and written, establishes that the act under which Camors claims title is a sale with the right of redemption, and not a contract of pignorative or hypothecary security.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The third opponent claims the ownership of the real estate attached, for having acquired it *bona fide* and for a valuable consideration from defendant.

The defense is that the title set up is a *simulation*, no consideration having passed.

On that issue, the parties went to trial.

The lower court allowed evidence to show the nature of the transaction and considered it as a contract of suretyship, directing payment of opponent's claim out of the proceeds of sale in preference to all others.

From the judgment thus rendered the opponent appeals.

The opponent introduced in evidence an act purporting to be a sale by defendant to him of the property in question for $2000, in settlement of which he appears to have paid cash $800 and to have assumed payment of a note of $1200 secured on the property.

The act contains a clause or pact reserving to the vendor the privilege of redemption on payment of $2000, to be exercised within two years after the date of the act, (21st November, 1884).   It is shown to have been registered in the conveyance office on the following day.

The evidence shows that the $800 said to have been paid cash, were settled for in flour, delivered on the day of sale and that the assumed note was taken up at maturity.

Possession followed the sale; but, by contract, the purchaser leased the premises to the vendor for two years, at $20 per month, which were paid.

The property is shown to be worth more than $2000—so much so, that it would seem that there was some understanding between the parties as to a division or attribution of the surplus, in case of a sale of the property by the third opponent, within the delay allowed for redemption, to anyone whom the original owner would designate.

When the attaching creditors offered to prove the real nature of the transaction, the third opponent excepted on the ground that the contract being ostensibly valid and the act evidencing it having been duly and seasonably recorded and the plaintiffs having pleaded simulation

only against it, they cannot attack it collaterally on any other ground and must be relegated to a *direct* action.

The objection was considered as going to the *effect* and was overruled. A bill was reserved which is insisted upon here.

The evidence was inadmissible for the purpose in view; but it could be received, to be restricted, however, under the pleadings.

The conclusions of the district judge, nevertheless, show that he gave it more *effect* than it was entitled to, as he does not recognize the third opponent as owner, but merely as a creditor having a claim for which the real estate stands as security and which is to be paid by preference out of the proceeds of sale over all other claims.

In other words, he ignores the transaction as a sale and treats it as one designed to secure a debt due the apparent purchaser.

It is settled, beyond the possibility of a doubt, that a *bona fide* sale of property for valuable consideration, coupled with the pact of redemption, transfers the ownership to the purchaser, under a condition suspensive as to the vendor, resolutory as to the vendee, and that the creditors of the former cannot, where the sale is duly recorded, treat the transaction as of a different nature, so as to subject the property to their claim without first attacking the sale *directly* and having it judicially annulled, or modified according to the true intent of the parties. Laurent, vol. 24, No. 388; Baudry Lacantinerie, vol. 2, Nos. 941, 942; vol. 3, Nos. 584, 1045; Duranton, vol. 16, § 388 *et seq.*; Mourlon, vol. 3, No. 630, p. 255; Marcadé, vol. 6, p. 301; Calderwood, 23 Ann. 661; Guidry, 29 Ann. 4; Theurer, 28 Ann. 29; Bevers, 30 Ann. 186; Brown, Ib. 966; Levy, 32 Ann. 784; Willis, 33 Ann. 1026; Jackson, 35 Ann. 856; McCan, 38 Ann. 483; Ford vs. Douglass, 5 How. 143. Whatever may have been said in Palmer vs. Mangham, 31 Ann. 356, to the contrary must be deemed as overruled.

The evidence introduced by plaintiffs, as far as it may tend to show anything beyond *simulation*, ought not to have been considered; but, as it shows that a consideration passed and confirms the pretensions of the third opponent to the ownership of the property subject to the pact *à réméré*, it ought to have been given *that* effect.

We are at a loss to conceive how the contract could be treated as one of suretyship in the absence of any evidence of any indebtedness of the vendors; nay, in the presence of proof, that the third opponent was *not at all a creditor*.

As it is possible that the privilege of redemption was exercised within the delay allowed, which expired on the 21st of November, 1886, since the case was decided below, (June) we cannot render a judgment

recognizing the third opponent as absolute owner, for this would be doing perhaps a vain thing.

We will simply remand the case.

It is therefore ordered and decreed, that the judgment appealed from be reversed and that the case be remanded to the lower court for further proceedings according to law, and that plaintiffs pay costs of appeal, those of the lower court to abide the result of the suit.