'The opinion of the court was delivered by
Breaux, J.
The defendants allege the indebtedness of plaintiffs ■and pray for solidary judgment against their debtors. They also aver, in their petition, that one of the defendants, Ohilds, was insolvent and executed an authentic deed of sale of immovable property, lor which there was no consideration; that it was a mere simulation for the purpose of placing the property beyond the reach of credit - ■ors; that credit notes were made by the purchaser for the purchase price, which they feared would be transferred to third persons unless restrained by the writ of injunction, for which they prayed. Contradictorily with the purchaser from Ohilds, they also prayed that the' act in question be annulled and avoided in so far as their interests were concerned.
The defendants answered and pleaded a general denial.
The intervenors, Felix Loeb & Bros., alleged that they are the -owners for value and before maturity of the notes delivered by Robertson to Ohilds secured by mortgage on the property sold by the latter to the former, and that they were prompted to purchase these notes by the fact that they were thus secured. The averment of intervenors that they became owners prior to maturity is supported by the uncontradicted, evidence of the defendant Ohilds, who testified that they were negotiated by him, some time before the suit here was brought on plaintiffs’ notes. The notes of intervenors were not matured when suit was brought. They were notes negotiable in form. They were paraphed by the notary and identified with the act of mortgage duly recorded at the date the deed was signed. The judgment in the District Court was for plaintiffs against Childs and Martin in solido on the notes, upon which the suit was brought by them; and as against Robertson, the court decreed the sale and mortgage from Ohilds to him to be a simulation and ordered the sale of the property for the payment of plaintiffs’ claim and rejected the mortgage claimed by the intervenors.
The intervenors appeal.
The issues here are limited to plaintiffs, and intervenors, who are third persons, 'and who allege, in substance, that they were war *874 ranted in considering the deed of sale of record as of itself conferring title and the special mortgage and vendor’s lien upon the property in all respects binding and legal; that the verity of the recorded act had remained unquestioned nearly a year; that the vendor had the right to sell and the vendee the right to buy, and that as there was nothing to excite suspicion they became the holders of the notes secured as already stated.
. The plaintiffs, on the other hand, disclaim all concern in the notes of intervenors thus secured; they only assail the mortgage on the property sold and contend that, different from negotiable paper, it is not protected by the rule of the commercial law applying to such paper transferred before maturity.
This court has, in a number of cases involving the right of innocent creditors as holders of mortgages, based its decision on the principle that a mortgage, though a real right, is valid againsa creditors in the situation of plaintiffs here, who remain inactive and permit them to be transferred without objection.
The plaintiffs allege that Childs was insolvent at the date of the sale in question, and yet during a number of months the (plaintiffs) creditors remained silent, although the registry of the title was made in the parish of their residence.
• For the convenience of business a probative and even convincing force is given to public records.
This court in Bank vs. Flathers, 45 An. 75, 80, reviewed a number of decisions. The case of Carpenter vs. Allen, 16 An. 435, was referred to and quoted from, and the rule announced reaffirmed, the court stating that since the Carpenter-Alien case the principle was recognized in a number of decisions, citing them.
The decisions rendered since the Flathers case, upon this point, are in accord with prior decisions, notably the cases of Mrs. Ada Lester vs. Connelly, Sheriff, 46 An. 340; Thompson vs. Whitbeck, 47 An. 49, 53.
The principle was announced, discussed and made the basis of the conclusion reached in Hunter vs. Buckner, 29 An. 604.
But it will surely not be inferred that the principle is so far-reaching and inflexible as at times to become a protection to sham deeds and simulated sales. It does not apply between the parties when invoked by a vendor as a protection from the pursuit of creditors, *875 and only becomes binding as to third persons who have acted in the utmost good faith in acquiring a right for a valid consideration.
We only here apply the familiar maxim that when one of the persons must suffer, the law inflicts the loss on the non-vigilant and inactive.
Had the intervenors, holders of these notes, purchased the property (instead of [the notes), in good faith; they would have acquired a valid title. The principle which would have sustained the sale applies to the transferees and holders of the notes secured by mortgage on the property and to the mortgage itself.
This brings us to the second proposition argued at the bar, that thó action is in revocation of the sale and not the action en declaration de simulation, for the reason that, -although simulation is alleged in the body of the petition, in the prayer the action is limited to plaintiff’s right only, and it is sought by the prayer to have the title annulled to the extent only that it affects their, the plaintiff’s, interest.
A similar question was submitted to this court for decision in Hart & Co. vs. Bowie, 34 An. 323, 326. Judged by the rule followed in the cited case the action here is revocatory in character.
As it is not a matter of controlling importance in reaching a conclusion, and as in either case, whether revocatory or en simulation, the result would be the same here, we pass to the next and last issue involved, the solvency of the co-debtor in solido. Reason and authority required that the creditor should have proven that it was not possible for him to recover the amount due him from either of the debtors in solido (because of the insolvency of both debtors or for some other preventing cause) before instituting suit to set aside a sale on the ground of simulation or fraudulent preference. In Hart vs. Bowie, 34 An. 323, the member of a commercial firm was sued to annul the sale as fraudulent or simulated. Her insolvency alone was alleged. The court held that the insolvency of the other members of her firm debtors in solido, should also have been alleged.
Each of the debtors is responsible forthe amount, and withouteommon insolvency the creditor is without authority to question the verity of their transactions. It is true that the creditor may sue, recover judgment and seize the property of either of his debtors in solido; it does not follow that he has the right to maintain an action to annul acts, when it is not at all made evident that such an action is necessary to the recovery of his claim.
*876 By express law the creditor has a right of action against all of his debtors bound in solido for the payment of the debt. No authority is to be found in support of any such right against one who has bought in good faith and without notice property from one of the debtors bound in solido, not insolvents.
In conclusion, we state the following controlling propositions:
1. If the creditor allows the property of his debtor to stand recorded in the name of another, by a title translative of property, he puts it in the power of that other to put it beyond the reach of his claim by transferring the right, in regular course of business, to an innocent third person without notice.
2. The prayer of the petition controls the action; if the petitioner seeks to restrict his action to the -recovery of his own claim the action is revocatory, and not en declaration de simulation.
3. Unless the solidary debtors are all insolvent no action will lie to-" set aside a fraudulent sale by a revocatory action.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed in so far as relates to the intervenors only.
The judgment appealed from is affirmed in so far as it decrees that Henry A Childs and James F. Martin in solido are condemned to pay the full sum of eight hundred dollars, with interest as set forth in the judgment; it is also affirmed in so far as right may be reserved by the following: “without passing upon the rights of intervenors to proceed against George M. Robertson and Henry A. Childs personally on the notes transferred by Childs to the intervenors.” Save as affirmed by the foregoing, the judgment is annulled, avoided and reversed; as to costs in the lower court, judgment is affirmed, except in so far as the intervenors are concerned.
It is further ordered, adjudged and decreed that there is judgment for intervenors, Felix Loeb & Bros., and against the commercial firm of J. & L. Dreyfous and Henry A. Childs and George M. Robertson, decreeing the mortgage transferred with the notes held by intervenors, not simulated and fraudulent, in so far as the intervenors are concerned and maintaining their intervention.
Relative to costs, as to intervenors, in this court they are ordered to be paid by plaintiffs and appellees; in the District Court they are to be paid by plaintiffs and defendants as incurred by each or both.