(86 South. 485)

No. 22665.

**MODISETTE v. HATHAWAY et al.**

(April 1, 1920. On the Merits, May 31, 1920. Rehearing Denied Nov. 3, 1920.)

On Motion to Dismiss Appeal.

*(Syllabus by the Court.)*

**1. Parties entitled to exercise revocatory action.**

The revocatory action "cannot be exercised by individual creditors until their debts are liquidated by a judgment, unless the defendant in such action be made party to the suit for liquidating the debt brought against the original debtor in the manner hereinafter directed." Civ. Code, art. 1972.

**2. Fraudulent conveyances ⬤⟳255(3)—Original debtor held proper party to revocatory action.**

Under article 1972, Civ. Code, the necessity of making the original debtor a party to the revocatory action exists where the debt has not been liquidated by a judgment.

**3. Appeal and error ⬤⟳323(1)—Nominal parties need not be made parties on appeal.**

It is unnecessary to make nominal parties to a suit parties to an appeal.

On the Merits.

*(Syllabus by. Editorial Staff.)*

**4. Fraudulent conveyances ⬤⟳26(3), 137(3)— Security sale held valid; continued possession not conclusive showing of fraud.**

A debtor may validly convey his real estate to his creditor in the form of a sale to secure an indebtedness, and the continued possession of the property by the debtor in such case does not make the transaction a fraudulent simulation or void.

**5. Fraudulent conveyances ⬤⟳26(3)—Transaction in form of sale with right to redemption instead of mortgage, held not illegal.**

There is nothing illegal or immoral in making a security transaction in the form of a sale with right of redemption, instead of a mortgage, and while such a form of security may be hazardous to the creditor because of the continued possession of the debtor, it is neither fraudulent nor void, and the only case in which the disguising of a mortgage in the form of a sale is fraudulent is where it is done to circumvent a law of public policy, as the homestead exemption.

**6. Fraudulent conveyances ⬤⟳248 — One-year prescription applicable, where transaction was not a simulation.**

The plea of prescription of one year, filed by defendant in a revocatory suit, was applicable, and should have been sustained, when it was found that the transaction, though perhaps a fraud, was not a simulation or sham.

**7. Fraudulent conveyances ⬤⟳261 — Creditor must allege and prove debtor's insolvency.**

Under Civ. Code, art. 1971, declaring that the revocatory action can only be exercised when the debtor has no property sufficient to pay the debt of the complaining creditor, the plaintiff, failing to prove that the transactions between debtor and defendant were simulations or shams, could not succeed in his action to set aside the transactions as being a fraud on his rights, because of failure to allege or prove that the debtor was insolvent or had no other property subject to seizure.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Revocatory action by James O. Modisette against George Hathaway and another. Judgment for plaintiff, and defendant Hath-

away appeals. Motion to dismiss the appeal denied, judgment reversed, and suit dismissed.

McCoy & Moss, of Lake Charles, for appellant.

Modisette & Adams, of Jennings, for appellee.

### On Motion to Dismiss Appeal.

SOMERVILLE, J. Plaintiff, the assignee of a judgment creditor of U. S. Phillips, instituted this revocatory action against Phillips and George Hathaway, alleging that certain described real estate standing in the name of Hathaway was really the property of Phillips; and was subject to seizure for Phillips' debts, particularly under the judgment held by him against Phillips. Plaintiff made other allegations usual in a petition for a revocatory action.

A default was taken against Phillips. Hathaway, the principal defendant, answered, denying the material allegations made by plaintiff. There was judgment in favor of plaintiff against both defendants. Phillips has not appealed. Hathaway filed a petition for an appeal, without making his codefendant, Phillips, a party thereto.

Plaintiff moves to dismiss the appeal taken by Hathaway, on the ground that all the proper parties are not before the court.

It is well settled that all parties to the record who are interested in maintaining a judgment must be made parties to the appeal from it. But the defendant Phillips was not a necessary party to this suit, and he is not interested in maintaining the judgment appealed from. He is not, therefore, a necessary party to the appeal taken by his codefendant.

[1] Had plaintiff been an ordinary creditor of Phillips, the latter would have been a necessary party in a suit to set aside a sale made by him which was alleged to be simulated. C. C. art. 1972. But plaintiff has had his claim against Phillips liquidated by a final judgment. The property of Phillips is subject to seizure and sale thereunder without further proceeding on the part of plaintiff against Phillips.

Here the plaintiff's claim was already liquidated by a judgment, and there was clearly no necessity for making Phillips a party to the suit, which could have been maintained in his absence against the ostensible owner of the property alone. The ostensible owner of the property which is sought to be restored to the debtor, in order to be applied to the satisfaction of the latter's debts, has a right, notwithstanding the judgment, to controvert the plaintiff's demands in the same manner as the debtor might have done before said judgment. C. C. art. 1972; Dumas v. Lefebvre, 10 Rob. 399.

[2] In this proceeding, plaintiff alleges that there is certain described property standing in the name of Hathaway which belongs to Phillips, his judgment debtor, and he asks that it, or so much thereof as may be necessary, be declared subject to seizure and sale under his judgment against Phillips.

If the property in question belongs to Hathaway, then Phillips has no interest in the question as to whether or not it shall be seized and sold by plaintiff. If it belongs to Phillips, then it may be seized under the judgment held by plaintiff against him.

If Phillips had been the vendor of the property to Hathaway, he might have been a necessary party to the suit. But he was not. The allegations are to the effect that Hathaway was only an ostensible owner, who had acquired titles from certain named third persons, and that he held the pieces of property for account of Phillips, or as security for debts owed by Phillips to him. Those vendors should have been made parties defendant.

It has long been settled that a judgment debtor is not a necessary party defendant in a revocatory action.

"It is true that, under the authority of article 1970 of the Civil Code, we have often recognized the doctrine that a creditor, who wishes to institute a revocatory action, must either have his debt liquidated by a judgment, or make the purchaser of the property of his debtor a party to the suit for the liquidation of his claim, and, in some instances, that the necessity of making the original debtor a party to the revocatory action, only exists where the debt has not been previously liquidated by a judgment, and that, in this case, the plaintiffs sue as judgment creditors of J. J. Hall. See [Atwell v. Belden & Co.] 1 La. 503; [Cole v. Bartlett] 4 La. 132; [Regillo & Bryan v. Lorente] 7 La. 142; [Lambeth v. McMurray] 15 La. 470; [Potier v. Harman] 1 Robinson, 525. But here the question is not whether it was necessary to make J. J. Hall, the original debtor, a party to this action, for as to him the plaintiffs have done what they were bound to do. Civil Code, art. 1967."

They had had their debt liquidated. Hyde v. Craddick, 10 Rob. 387.

In considering the case of Dumas v. Lefebvre et al., 10 Rob. 399, it was held:

"Now, it is well settled in our jurisprudence that though a creditor, who wishes to institute a revocatory action, must either have his debt liquidated by a judgment, or make the purchaser of the property of his debtor a party to the suit for the liquidation of his claim (Civil Code, art. 1970), the necessity of making the original debtor a party to the suit for annulling his contract, attacked on the ground of fraud and simulation, only exists when the debt has not been previously liquidated by a judgment. [Atwell v. Belden & Co.] 1 La. 504; [Lambert & Thompson v. McMurray] 15 La. 470; [Potier v. Harman] 1 Rob. (La.) 525; and Hyde and another v. Craddick, lately decided [10 Rob.] 387. Here the plaintiff's claim was already liquidated, * * * and there was clearly no necessity for making the appellant a party to the suit, which could have been maintained in her absence, and against her son alone, with as much propriety and legality as if the suit had been instituted against both."

See, also, 2 Hennen, 1034; § 2, No. 1; Russell v. Keefe, 28 La. Ann. 928; Block v. Marks, 47 La. Ann. 107, 16 South. 649.

[3] As Phillips was not a necessary party to the suit, and is not interested in maintaining the judgment appealed from, and is not interested in contesting the seizure and sale of Hathaway's property, if it belongs to Hathaway, he is only a nominal party, without any real interest in the judgment appealed from, and he is not therefore a necessary party to the appeal. Boguille v. Faille, 1 La. Ann. 205; Francis v. Scott, 5 La. Ann. 668; Boykin v. O'Hara, 6 La. Ann. 115; Hobgood v. Brown, 2 La. Ann. 323; Eschert v. Harrison, 29 La. Ann. 860; Brannin v. Womble, 32 La. Ann. 805; Sicard v. New Orleans Railway & Light Co., 137 La. 838, 69 South. 271.

U. S. Phillips not being a necessary party to the suit or to the appeal, the motion to dismiss the appeal is denied.

O'NIELL, J., concurs in the decree.

On the Merits.

O'NIELL, J. This is a revocatory action to set aside several sales of property alleged to belong to U. S. Phillips, against whom plaintiff holds a judgment for $1,636.40, with interest at 8 per cent. per annum from the 16th of December, 1901, and 10 per cent. attorney's fees, subject to a credit of $252 paid on October 5, 1911. The judgment was rendered in favor of Arthur Hollins on October 10, 1902, against U. S. Phillips and W. H. Simons, in solido. The judgment was recorded on the 15th of October, 1902, and was revived by decree dated the 5th of May, 1913, in a suit filed in March, 1912. The judgment, however, was not reinscribed in the mortgage record until after the judgment of revival was rendered; that is, on May 5, 1913. The plaintiff in this suit bought the judgment

from Arthur Hollins in February, 1916, and recorded the assignment in May of that year.

On the 1st of February, 1900, Phillips bought from J. P. Black lots 1 and 2 in block 8 of Cary's addition to the town of Jennings. On the 22d of April, 1902, he borrowed $1,000 from Mrs. Hall and gave her a mortgage on the lots as security. On the 26th of September, 1902, Phillips conveyed the lots to his brother-in-law, Peter K. Miller, at the price declared in the deed to be $2,500, which included the $1,000 mortgage debt due to Mrs. Hall, which obligation Miller assumed.

Some time prior to the 12th of January, 1900, Phillips acquired from G. U. and W. I. Wilder their interest in two contracts, dated in 1896, whereby S. L. Cary had agreed to sell to the Wilders lots 6, 7, 8, and 9 in the same block in Jennings. Phillips paid the obligation due by the Wilders to Cary, and on the 12th of January, 1900, Cary conveyed the lots by warranty deed to Phillips for $275; but the deed was not put on record.

On the 12th of November, 1902, Phillips borrowed from Hathaway $1,600, and as security for the debt had lots 6, 7, 8, and 9, deeded by Cary to Hathaway, and took a counter letter from Hathaway explaining the transaction. On the 10th of December, 1902, Phillips had P. K. Miller to convey lots 1 and 2 to Hathaway, as a further security for the debt due by him to Hathaway. It appears that the counter letter was lost or misplaced; and, in lieu thereof, on the 23d of May, 1905, an agreement was entered into between Hathaway and Phillips, in the form of a letter written and signed by Hathaway and accepted by Phillips, in which, after reciting the loss of the previous counter letter, Hathaway said:

"Therefore it is now understood between you and myself that lots 6, 7, 8, and 9 and lots 1 and 2 in block 8 of Cary's subdivision of Jennings, La., is held by me by deed of conveyance, and it is understood and agreed that lots 1 and 2 are to be conveyed to you, or to whom you may direct, at any time on demand; that lots 6, 7, 8, and 9 are to be conveyed to you, or to whom you may direct, when all amounts due me from you, or which I have advanced to you, or upon said property, or may hereafter advance or pay out upon said property, has been fully paid back to me, together with interest; that this in substance was the form of contract which was dated November 12, 1902, and run for three years, with the condition that the interest should be paid annually, which has been paid up to last November, 1904; that any amounts I may pay by way of taxes, insurance policies, or for any other purpose, is added to the original amount, and is to bear interest the same as the original amount.

"It is understood and agreed that you are to have control of said premises so long as said contract is complied with on your part, collect the rents, you to pay the insurance, repairs, etc., and that next November 12, 1905, the total amount due me is to be paid and the property deeded to you, clear of all incumberances that I may have or will hereafter place upon said premises."

On the 20th of December, 1905, Phillips paid to Hathaway the entire amount which the latter had loaned or advanced to him, $1,985. For more than three months thereafter Phillips was not indebted to Hathaway; but for some reason, very likely because of the judgment of record against Phillips, the property was not reconveyed to him by Hathaway. On the 26th of March, 1906, at the request of Phillips, Hathaway gave a mortgage on the property to the Ladies' Library Society, to secure a loan for $3,500, and the entire amount was paid out and disbursed for the benefit and advantage of Phillips and as he directed. Thereafter Hathaway continued to make loans and advances to Phillips, from time to time, until April, 1910, when the total indebtedness, including the debt secured by mortgage in favor of the Library Society, amounted to more than $6,000.

Theretofore the property had remained under the control of Phillips, who collected the rents and exercised all other rights of ownership, pursuant to the agreement contained in the counter letter. Hathaway then insist-

ed upon payment of the indebtedness due him, and demanded that he be discharged from his personal obligation to the Library Society. Phillips, being either unable or unwilling to comply with Hathaway's demand, surrendered possession of the property to Hathaway, who thereafter collected the rents and exercised all other rights of ownership.

That was the situation when the plaintiff in this suit purchased the judgment, which had been rendered against Phillips and Simons, in solido. It appears that, in October, 1916, the plaintiff in this suit, being an attorney at law, brought suit for Phillips against Hathaway, to recover the property for Phillips; but the suit was dismissed on an exception of no cause of action, and no appeal was taken from the judgment.

In the present suit, plaintiff alleges that all of the sales in question, the sale from Phillips to Miller, the sale from Miller to Hathaway, and the sale from Cary to Hathaway were mere simulations, made without any consideration whatever; and, in the alternative, it is alleged that, if the sales were not mere simulations, they were mere security transactions, made to secure an indebtedness due by Phillips to Hathaway, which has been fully paid and satisfied; and, again in the alternative, it is alleged that, if the sales were not mere simulations, and were not security transactions, they were fraudulent transactions, made with the full knowledge and for the purpose, on the part of both Hathaway and Phillips, of placing the property of Phillips beyond the reach of his creditors, and for the purpose of defrauding them. The prayer of the petition is in accord with those alternative averments.

Phillips did not answer the suit, but allowed judgment to go by default against him. In fact, he co-operated with the plaintiff and gave evidence very favorable to him.

Hathaway, in his answer, acknowledged that he originally held the property as se-curity for the loans and advances which he had made to Phillips, but denied that there was any fraud or improper motive in the transaction. He averred that Phillips, having failed to comply with his obligation contained in the counter letter, had abandoned his equity or right of redemption, and had delivered the property in absolute ownership to him (Hathaway) in April, 1910. Defendant also pleaded the prescription of one year and of ten years.

The case was tried on the issues thus presented and resulted in a judgment as follows: The sale of lots 6, 7, 8, and 9, made by Cary to Hathaway, was adjudged "a simulation as such, but valid as security for the indebtedness due by Phillips to Hathaway, and to secure said Hathaway against said library mortgage." The sale of lots 1 and 2, by Phillips to Miller, was adjudged a simulation. The sale of the same lots by Miller to Hathaway was adjudged "a simulation as such, but valid as security for the protection of said Hathaway against said library mortgage, and to secure said Hathaway for the necessary and proper expense of maintaining, protecting, and preserving said property since he took possession on May 1, 1910." Plaintiff's right to have the amount of said indebtedness fixed, and to show that it had been paid and satisfied, and to demand an account for rents collected by Hathaway, was reserved, for the purpose only, however, of showing what balance was due, if any, on said indebtedness. It was further adjudged that, upon plaintiff's paying the balance, if any, of said indebtedness due by Phillips to Hathaway, and upon plaintiff's paying the debt secured by mortgage in favor of the Ladies' Library Association, or upon his discharging said Hathaway from the obligation, then that the lots 1, 2, 6, 7, 8, and 9 should be subject to plaintiff's judicial mortgage and should be seized and sold to satisfy his judgment. The pleas of prescription filed by de-

fendant Hathaway were overruled. The defendants were condemned in solido to pay the costs of court.

The defendant Hathaway alone has appealed, and plaintiff, answering the appeal, prays that the judgment be amended, so as to subordinate and place behind his judgment any claims due to Hathaway by Phillips.

On trial of the case, defendant's counsel objected to any and all evidence offered by plaintiff tending to show that Phillips was insolvent, or that he had no other property subject to seizure. The ground of the objection was that plaintiff did not allege in his petition that Phillips was insolvent, or even that Phillips, or Simons, who was condemned in solido to pay the judgment now held by plaintiff, did not have other property subject to seizure. The objection to the evidence was properly sustained every time it was urged. There is therefore neither allegation nor proof that the judgment debtor, Phillips, was insolvent; nor is there allegation or proof that Phillips or Simons, the codebtors in solido, had no property of record in his own name subject to seizure.

[4, 5] Conceding, for the sake of argument, that it was not necessary for plaintiff to allege or prove the insolvency of Phillips, in support of the demand to declare the transactions with Hathaway mere simulations or shams, our conclusion is that Phillips' transactions with Hathaway were not mere simulations or shams. It is well settled by the decisions of this court that a debtor may validly convey his real estate to his creditor, in the form of a sale, to secure an indebtedness. The continued possession of the property by the debtor, in such case, does not make the transaction a fraudulent simulation or void. See Parmer v. Mangham, 31 La. Ann. 348, cited with approval in the following cases: Wang & Cottam v. Finnerty, 32 La. Ann. 96; Crozier v. Ragan, 38 La. Ann. 155; Henkel v. Mix, 38 La. Ann. 272; Lawler &

Hack v. Cosgrove, 39 La. Ann. 490, 2 South. 34; Lester v. Connelly, 46 La. Ann. 343, 15 South. 4; Davis v. Kendall, 50 La. Ann. 1125, 24 South. 264; Marbury v. Colbert, 105 La. 467, 29 South. 871; Franklin v. Sewall, 110 La. 295, 34 South. 448; Phelan v. Wilson, 114 La. 823, 38 South. 570. As was said in the cases cited, there is nothing illegal or immoral in making a security transaction in the form of a sale, with right of redemption, instead of a mortgage. Such a form of security may be hazardous to the creditor, because of the continued possession of the debtor; but it is neither fraudulent nor void. The only case in which the disguising of a mortgage in the form of a sale is deemed fraudulent is when it is so disguised for the purpose of circumventing a law of public policy, as, for example, to do away with the homestead exemption.

Except for the period of a little more than three months, from the 20th of December, 1905, to the 26th of March, 1906, during which period the plaintiff in this suit had no interest whatever in the affairs of Phillips or Hathaway, there was always an indebtedness due by Phillips to Hathaway, to secure which indebtedness the property remained in Hathaway's name. There was nothing illegal or immoral in that arrangement, except in so far as it may have concerned third parties. In so far as it operated as a fraud or injustice to third parties, they had a right of action to annul the transaction, or to show it up in its true light. But the transaction was not a sham or simulation, so long as there was a valid obligation owing by Phillips to Hathaway. In so far as the transaction operated as a fraud upon the rights of other creditors of Phillips, their right of action was subject to the prescription of one year.

[6] The plea of prescription of one year filed by defendant in this suit was clearly applicable, and should have been sustained, when it was found that the transaction, even

though perhaps it was fraudulent, was not a simulation or sham.

[7] Article 1971 of the Civil Code declares that the revocatory action can only be exercised when the debtor has not property sufficient to pay the debt of the complaining creditor. In Hart & Co. v. Bowie, 34 La. Ann. 323, this court went so far as to hold that, even in an action en declaration de simulation, it was incumbent on the plaintiffs to allege and prove the insolvency of both of their debtors in solido, or the inability of the plaintiff to collect the debt without recourse to the property which had been disposed of by one of the debtors. In Dreyfous v. Childs, 48 La. Ann. 872, 19 South. 929, the same ruling was made, and it was said to be not a matter of controlling importance whether the action was, strictly speaking, a revocatory action or an action en declaration de simulation. Those decisions were cited with approval in Hicks Co. v. Thomas, 114 La. 223, 38 South. 148. In the case before us, it is sufficient to say that, having failed to prove that the transactions between Phillips and Hathaway were simulations or shams, plaintiff cannot succeed in his revocatory action to set aside the transactions as being a fraud upon his rights, because of his failure to allege or prove that Phillips was insolvent or had no other property subject to seizure.

This ruling, under some circumstances, might seem harsh or technical; but it is not so here, for plaintiff was not concerned with the transactions had between Phillips and Hathaway until many years after they had been consummated. His having bought the judgment at that late date indicates that he believed that Phillips or the codebtor, Simons, was solvent; for we do not suppose that the plaintiff here, who is a practicing attorney at law, bought the judgment for the purpose of speculating or prospecting upon a lawsuit against a third party.

Having come to the conclusion that the suit should have been dismissed for want of an allegation and proof that the debtor, Phillips, was insolvent, we have no occasion for deciding another serious question raised by appellant; i. e., whether the suit should have been dismissed because of plaintiff's failure to make Peter K. Miller and S. L. Cary parties defendant.

The judgment appealed from is annulled, and plaintiff's suit is dismissed, at his cost.

DAWKINS, J., concurs in the decree.