### *ATWILL vs. BELDEN & CO. & AL.*

The situation of an insolvent debtor is analogous to that of one who has ceded his goods—in either case all passive debts of the debtor may be exacted, whether the day of payment has or has not arrived.

The purchaser of the property of an insolvent debtor, on the sale being declared illegal, has the option of paying the creditor or surrendering the property; if he does neither, execution may issue against him.

APPEAL from the court of the first district.

The plaintiff, a creditor of William B. Bel-

Eastern District.
*June*, 1830.

ATWILL
*vs.*
BELDEN & Co.
AND AL.

den & Co., brought this suit to recover the amount of his claim, and to set aside a sale which Belden & Co. made to their co-defendant Jones, of all their stock in trade, amounting to twenty-seven thousand dollars. It was proved on the trial, that Jones was a creditor of Belden & Co. for a large amount, and that the latter were in insolvent circumstances at the time of the sale. It further appeared that the plaintiff's debt was not yet due at the institution of the suit. There was judgment for the plaintiff in the court below, and the defendants appealed.

*Maybin* and *Linn*, for appellants.

1. The suit was prematurely brought, the time not having expired which the debtor had to pay the debt. N. C. C. art. 1796, C. P. art. 158, 14.

2. The contract between the debtor and defendant is not to be avoided, because the debtor has sufficient property to pay complaining creditor. C. C. art. 1966.

3. The contract between the debtor and defendant cannot be rescinded, because the sale was in the usual course of businesss, the consideration just, and it has not operated to the

Eastern District,
June, 1830.

ATWILL
*vs.*
BELDEN & Co.
AND AL.
injury of the complaining creditor.   N. C. C. art. 1981, 1973; *Baudin* vs. *Roliff & al.* 1 M. n. s. 6, p. 177.

4.  The judgment of the inferior court is erroneous, as it makes the defendant's property liable for the debtors' debts.

*Watts*, for appellee.

1.  The debt is fully established against, Belden & Co.

2.  The fraudulent transfer is fully made out.

MATHEWS, J. delivered the opinion of the court.   In this case the plaintiff alleges that the defendants, Belden & Co. are indebted to him; that they are in insolvent circumstances, and being thus situated, they sold all their property to Jones, one of their creditors, (who is made a party to this suit,) for the purpose of securing to him the payment of a large sum of money, in fraud of the rights of of the petitioner, who claims judgment against his debtors and a rescission of the sale, so far as it affects his interest.   The court below gave judgment according to the prayer of the petition, from which the defendants appealed.

This action is based on the provisions of the *Louisiana Code*, which grant to credi-

tors the privilege to sue for the avoidance of contracts made by their debtors with other persons, in fraud of their rights.

Eastern District.
*June*, 1830.

ATWILL
*vs.*
BELDEN & Co.
AND AL.

It may be maintained by an individual creditor, when there is no cession of goods, and by the representatives of all the creditors when there is a cession. The individual creditor, who wishes to avail himself of this action, must either have his debt liquidated by a judgment, or make the purchaser of the property of his debtor a party to the suit for the liquidation of his claim.

A purchaser thus made party, may claim the benefit of *discussion of the property of his* vendor, in nearly the same manner as prescribed for sureties, &c. In a suit commenced in this form, either of the defendants may controvert the demand of the plaintiff. *Code, art.* 1965, 1966, 1967, 1968 and 1970.

The present suit, it is seen, is one prosecuted by an individual creditor, in which his debtors and their vendee, are both parties. The solvency of the former is put at issue; and the evidence shows that they were insolvent, or at least unable to meet their engagements at the time of the sale of their property to the defendant Jones. He took it,

Eastern District.
June, 1830.

Atwill
vs.
Belden & Co.
and al.

partly in payment of a large debt du to himself, and partly for a stipulated sum to be paid to their creditors; but amongst these, the plaintiff was not placed on their schedule. This contract in relation to him, is infected with legal fraud: although, perhaps, it may give no immoral taint to the transaction on the part of the purchaser, whose object appears to have been to secure a just debt The plaintiff is therefore authorized, under the provisions of the *Code*, to demand the nullity of the sale, so far as it affects his rights

One objection to the correctness of the judgment of the district court is common to both defendants: *i. e.* that the term of credit on which the goods were sold to the plaintiff, had not expired at the time this suit was instituted.

The situation of an insolvent debtor is analogous to that of one who has ceded his goods—in either case all passive debts of the debtor may be exacted, whether the day of payment has or has not arrived.

The fact of insolvency being established by the evidence of the case, we consider the situation of the debtors as analogous to that of persons who make a cession of their property to their creditors, from which the legal consequence is, that all debts may be exacted, as well those which had time granted for their payment, as those actually payable. In this respect there is, therefore, no error in the judgment of the court below.

On the part of the defendant, Jones, the privilege of having the property of the debtors discussed, is claimed: but as he did not pursue the requisite steps in the first instance to cause this to be done, the claim is now unavailable for him: The last error assigned, relates to that part of the decree which authorizes execution to be taken against the buyer. This privilege is granted to the plaintiff only in the event of the purchaser failing to surrender the property of the debtors in execution, or paying the amount of the judgment out of its proceeds, should it have been by him sold: having this alternative, if he fails to comply with it, no reasonable grounds of complaint exist against compelling him, by execution, to satisfy the judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.