175 345
s175 350

R. J. C. Walker and Daniel Kavanaugh, trading as Walker & Kavanaugh, Appellants, *v.* The Lion Fire Insurance Company, Limited.

*Insurance—Fire insurance—Agent—Evidence.*

In an action upon a written policy of fire insurance where it appears that the assured treated with a person who assumed to be the agent of the insurance company, paid him the premium and received from him the policy, and there is nothing in the pleadings or the proof to show that such person was not the agent of the company, the assured is entitled to the presumption that the person with whom he treated represented the company, and was acting within the limits of his authority.

In an action upon a written policy of insurance against the L. Co., it appeared that on August 9, at 5 : 15 P. M., K., one of the plaintiffs, called at the office of the U. Co., which acted as agent for other companies, and asked B., the secretary of the U. Co., if he could insure bark and lumber. B. replied that he could, and asked whether there was any fire in the woods in that region. K. replied that he had no knowledge of any fire. The amount of insurance was agreed upon, and it was then agreed that the insurance should go into effect as of noon of that day, and that the policy should be delivered at 8 o'clock in the evening. K. did not call for the policy as arranged, and did not receive it until 2 P. M. the following day, at which time he paid the premium to B. The policy as delivered was countersigned by the W. Co. as agent. It was dated August 9, and went into effect at noon of that day. On August 9, at 5 : 45, K. received notice that there was a fire in the woods in the vicinity of his property, and at the time of the delivery of the policy a part of the property was on fire. There was nothing in the pleadings or the proof to show that B. was not the agent of the company. *Held*, (1) that the burden was upon the insurance company to show that B. was not their agent; (2) that, if in fact the policy took effect from the time of the delivery only, the duty to show this rested upon the insurance company.

Argued March 16, 1896. Appeal, No. 393, Jan. T., 1895, by plaintiffs, from judgment of C. P. Lycoming Co., March T., 1894, No. 347, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before METZGER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*H. C. McCormick* and *A. W. King, S. T. McCormick* with them, for appellants.—The court cannot properly assume that Mr. Burd, with the policies of the companies defendant in his possession, assuming the right to deliver them, and in fact delivering them to the plaintiffs and receiving the premiums therefor, was not authorized so to do. The presumption is directly the reverse: Abraham v. North German Ins. Co., 40 Fed. Rep. 717; Ellis v. Albany City Fire Ins. Co., 50 N. Y. 402; Train v. Holland Purchase Ins. Co., 62 N. Y. 602; May v. Western Assurance Co., 27 Fed. Rep. 260; McGraw v. Germania Fire Ins. Co., 54 Mich. 147; New Orleans Ins. Assn. v. Boniel, 20 Fla. 815; Sheldon v. Hekla Ins. Co., 65 Wis. 436.

*Chas. F. Mathewson,* of *Strong, Harman & Mathewson, W. C. Gilmore* with him, for appellee.—There is no evidence that Burd or the Union Insurance Company was agent either for the Lion or Teutonia; or that on the afternoon of August 9 he had power or attempted to bind them, or did anything to warrant the plaintiffs in so assuming: 1 Am. & Eng. Ency of Law, 415; Scott v. Crane, 1 Conn. 255.

But aside from proof as to his right to represent the defendant there is no evidence that Burd made, or attempted to make, any agreement on behalf of this defendant on the afternoon of August 9: Baptist Church v. Brooklyn Ins. Co., 28 N. Y. 161; Tyler v. New Amsterdam Ins. Co., 4 Robertson, 155; May on Ins., sec. 43; 2 Am. & Eng. Ency. of Law, 282; Michigan Pipe Co. v. Michigan Fire Ins. Co., 92 Mich. 482; Excelsior Ins. Co. v. Royal Ins. Co., 55 N. Y. 343.

Policies of insurance, like other written contracts, take effect, not from date, but from delivery: Anderson v. Continental Ins. Co., 105 N. Y. 666; Mead v. Phœnix Ins. Co., 32 N. E. Rep. 945; Bentley v. Columbia Ins. Co., 17 N. Y. 421; May on Ins. sec. 43.

It is well settled that where a contract is not completed before a loss, the subsequent completion of the contract without knowledge of the loss will not bind an insurer: Bentley v. Columbia Ins. Co., 17 N. Y. 421; Paine v. Pacific Mut. Life Ins. Co., 51 Fed. Rep. 689; 2 Am. & Eng. Ency. of Law, 300; May on Ins. secs. 43 and 190.

By knowingly allowing the consummation of the insurance, and the delivery of the policies after he had learned of the fire, the plaintiffs were guilty of such concealment as would avoid the contracts, whether oral or written: Biddle on Ins. sec. 538; Ring v. Phœnix Ins. Co., 145 Mass. 426; Beebe v. Hartford Ins. Co., 25 Conn. 51; Miller v. West etc. Ins. Co., 1 Handy, 208; Continental Ins. Co. v. Kasey, 25 Grat. 268; Carpenter v. American Ins. Co., 1 Story, 57. There can be no question of ratification in this case: Seymour v. Wyckoff, 10 N. Y. 213; Nixon v. Palmer, 8 N. Y. 398.

The recent case of Allen v. German American Ins. Co., 123 N. Y. 6, clearly states the true rule defining Burd's relation to the plaintiffs on the one hand, and the defendant company on the other.

OPINION BY MR. JUSTICE FELL, May 11, 1896:

A nonsuit was entered in this case for the reason that it appeared from the testimony that a material change in the conditions affecting the risk had occurred between the time when the application for insurance was made and the time when it was accepted, and upon the ground that the contract was not completed until after the property insured was on fire. The insurance was effected through the agency of G. T. Burd, who was the secretary of the Union Insurance Company. In determining the time at which the insurance went into effect it was important that the relation which Mr. Burd bore to the defendant company should be clearly defined. Upon this subject there was no direct evidence. It appeared that at 5:15 P. M. of August 9, Mr. Kavanaugh, one of the plaintiffs, called at the office of the Union Insurance Company and asked Mr. Burd, the secretary, if he could insure bark, lumber and logs. Mr. Burd replied that he could, and asked whether there was any fire in the woods in that region. Mr. Kavanaugh said that he had no knowledge of any fire. The amount of insurance desired on each kind of property was stated, and it was then agreed that the insurance should go into effect as of noon of that day, and that the policy should be delivered at 8 o'clock in the evening. Mr. Kavanaugh did not call for the policy as arranged, and did not receive it until 2 P. M. of August 10, at which time he paid the premium to Mr. Burd. The Union Insurance Company acted as agent for other companies. The policy delivered was countersigned by the West Branch Insurance Company as agent. It was dated August 9, and went into effect at noon of that day, as had been agreed. At 5:45 P. M. of August 9, Mr. Kavanaugh received notice that there was a fire in the woods in the vicinity of his property, and at the time of the delivery of the policy a part of the property was on fire.

If the contract was complete at 5:15 P. M. of August 9, that which occurred afterward is unimportant as affecting the rights of the insured. The contract was entered into at that time, if Mr. Burd had authority to make it for the defendant company. Upon the question of his authority, in considering the motion for a nonsuit, the plaintiffs were entitled to every inference of fact which might be reasonably drawn from the testimony. By

the pleadings, the execution and delivery of the policy were admitted. The defense set up was that the preliminary contract had been entered into and the policy issued by the defendant company under the untrue representation that there was no fire in the vicinity of the property insured. There was no denial of the authority of Mr. Burd to make the contract sued upon. When the plaintiffs offered in evidence the policy and proved the loss, their claim to recover was complete. Nothing was developed in the examination of Mr. Kavanaugh which shifted the burden of proof. The examination showed that Mr. Burd, after a disclosure to him of the facts then known to Mr. Kavanaugh, had agreed to effect the insurance, and that in pursuance of the agreement he had delivered the policy and received the premium.

Under the pleadings and in the absence of any proof upon the subject beyond the fact that the insurance was contracted for and the policy delivered, the plaintiffs were entitled to the presumption that Mr. Burd represented the company and was acting within the limits of his authority. If the action had been upon the preliminary agreement the burden of proof would have been with the plaintiffs to show the authority of the person with whom they contracted; but they were suing upon a written agreement executed and delivered by the defendant and which by its terms imposed the liability which they sought to enforce. It was not the case of an attempt to establish an agency by proof only of the acts of the alleged agent. The defendant company issued the policy. By its terms it covered the risk from noon of August 9. If in fact it took effect from the time of the delivery only, the duty to show this rested upon the defendant. In reversing the case upon this ground we express no opinion on the merits of the plaintiff's claim.

The judgment is reversed with a venire facias de novo.