(Court of Appeal, Parish of Orleans.)

## SEPTINE ST. MARTIN, VS. GEORGE SARPY.

1. The legal mortgage of the minor covers not only amounts due, and the liabilities of the tutor at the time of his appointment, but also the rights of the minors accruing subsequently, the mortgage being allowed as a security for the tutor's adminisrration from the time of qualification, and continuing until liquidation and settlement of his account, when it is ascertained what amount is due to the minor.

2. Under express provisions of law the action of the minor against his tutor respecting the acts of tutorship may be brought at any time within four years from the day of his majority.

Appeal from Twenty-eighth Judicial District Court.

L. H. Marrero, Jr., Plaintiff and Appellee.

Henry Denis, Defendant and Appellant.

MOORE, J. Septine St. Martin died, intestate, in the Parish of Jefferson, on the 8th day of November 1882, leaving five minor children, the issue of his marriage with Cidalise St. Martin, who survived her husband, the plaintiff and appellee being one of the said minors. His estate consisted of a certain plantation and some movable effects all belonging to the community resulting from the said marriage; the undivided half of which effects were duly inventoried and appraised at $15,166.50.

Upon the surviving widow causing to be duly recorded a certificate of the amount of said inventory as provided by Art. 3351, C. C., she was duly confirmed as the natural tutrix of her said minors.

During the minority of the plaintiff his mother and natural tutrix had received for his account the sum of $1749.49 as his share of a policy of insurance issued on the life of his father.

On the 11th August, 1901, plaintiff attained his majority and thereupon took possession in kind of his one-fifth of one fourth of the plantation inherited from his father.

Subsequently to-wit, on the 23rd April, 1904, he brought suit against his said tutrix to compel her to file an account of her tutorship praying for judgment against her for such sum

as may be found to be due by her as natural tutrix, and for recognition of his rights under his legal mortgage to secure the payment of such sum so found. Due accounting was made, the sum shown to be due being, $1749.49, plus five per cent per annum interest thereon from April 1st, 1883, until paid and costs amounting to $9.80, which account was duly homologated on May 4th, 1904, and judgment rendered in favor of the plaintiff, and against his tutrix, for said amount with recognition of his legal mortgage on the property of his said tutrix to secure said sum.

About one month prior to the institution of this suit for accounting, the widow and natural tutrix' undivided interest in said plantation had, under executory process, been seized by George Sarpy, the defendant herein, and, after due proceedings, was duly adjudicated and sold to him.

Thereupon, the instant hypothecary action was instituted against him to subject the said property to the legal mortgage of the plaintiff to the extent of his claim as fixed by the judgment of liquidation and settlement aforesaid.

There was judgment in favor of plaintiff as prayed for less the amount of $156.00, and defendant appeals.

In this Court, all objections urged below, save two, are abandoned.

These two are as follows

First—It is objected that forasmuch as the plaintiff on attaining his majority received in kind his share of the property included in the inventory and coming to him as an heir of his deceased father, the legal mortgage which resulted from the registry of the abstract of said inventory, thereby became extinct. In other words, as we understand it, the contention is that the registry of the abstract of inventory operates as a legal mortgage in favor of the minor for the faithful administration by the tutor *of such property only as is stated in the inventory* and not as to funds or property belonging to the minor and which may subsequently come into the hands of the tutor from other sources during the ward's majority.

Such is not the law. In Schnieder vs. Burns, 45 A. 875-879, where a similar contention was made the Court said:

"The next error is in assuming that the inscription of the certificate of the district clerk, furnished by him in accordance

with Art. 3351, of the Civil Code, showing the amount of the minors property according to the inventory on file in his office, operates a mortgage in favor of the minor for the amount therein stated, to secure the faithful administration of the tutor for the property therein stated, and that upon showing that that particular property or money has been legally expended or accounted for, the mortgage (being a secondary or accessory obligation for that particular sum or property), falls and disappears, leaving the future rights of the minor to be secured by a new inscription as to their existence and as they arise, to be made by the tutor or under tutor.

It has been repeatedly held by this Court that the legal mortgage of the minor was not for the accounting of any particular sum of money or property, but for the faithful administration during the whole period of tutorship."

In Barnard vs. Erwin, 2 R. 407, the Court said; speaking of the legal mortgage in favor of minors: "It was clearly the intention of the Legislature to secure to the minor the faithful administration of the tutor up to the moment of his final discharge, and therefore the amount secured by the mortgage is not necessarily to be ascertained at the moment the mortgage was executed.

If other sums should come into the hands of the tutor the property mortgaged would stand as security." To the same effect is Skipworth vs. Glathary, 34 A. 33.

Second—The other contention is that, as the plaintiff allowed nearly three years to elapse after his majority before demanding an accounting from his tutrix he must be considered as having voluntarily left his affairs in the hands of his former tutrix, tacitly constituting her thereby his agent and consequently waiving or abandoning his legal mortgage.

That the minor's mortgage does not extend to the tutor's administration after the ward's majority, or rather that a debt due by a former tutor on account of sums collected by him after the ward has arrived at the age of majority, is not secured by the tutorship mortgage, may not be doubted, Suc. of Rowen 31 A. 721, and authorities therein cited. But the centention that, simply because the ward choses to select his own time within the prescriptible period for the enforcement of his rights in a case where, as here, the sum claimed was collected during the minority of the ward and the existence of the tutorship, he can be con-

51

sidered as waiving or abandoning his rights under the tutorship mortgage, can find no support in reason or authority. Under express provisions of law, the action of the minor against his tutor respecting the acts of tutorship, is prescribed by four years to begin from the day of his majority C. C. 362; and no mere lapse of time within that period, can defeat that right. In awarding judgment for the plaintiff our esteemed brother of the District Court deducted from the amount fixed by the tutorship account, the sum of $156.00, being ten per cent on the amount of the revenue at five per cent per annum, accruing during the ward's majority on the sum of $1749.49, collected by the tutrix as aforesaid.

The appellee, answering the appeal, asks an amendment in his favor striking out this deduction.

In our opinion this deduction was proper.

Under Art. 349 C. C., the tutrix had the right to retain a commission of ten per cent on the amount of the revenues of the minor, this the tutrix did not do, but the defendant, a third person, whose property is being subjected to the payment of the tutorship debt, is entitled to exercise the right of his debtor against his debtor's debtor. 34 A. 736-740; 44 A. 166; 4 A. 69; 131, U. S. 191.

The judgment appealed from is therefore affirmed.

December 9th, 1907.

Rehearing refused December 30, 1907.