————o————

## No. 6998.

## NICHOLAS BURKE CO. v. MISS. VALLEY REALTY COMPANY.

### Syllabus.

An action by a third party to annul a judgment and sale on the ground that they confer an illegal preference upon the plaintiff therein need not be filed in the same Court which rendered the judgment.

An insolvent debtor cannot give in payment to one creditor to the prejudice of the others any other thing than the sum of money due.

It is immaterial whether this *dation en paiement* is effected by means of a contract or a consent judgment.

Courts cannot be used as instruments to violate the law.

It is essential to the creation and existence of a lessor's privilege that there should be a contract of lease containing mention of the thing, the price, and the consent.

Appeal from the Civil District Court, Parish of Orleans, No. 117,383, Division "D"; Honorable Porter Parker, Judge. Reversed and remanded.

Dart, Kernan & Dart, for plaintiff and appellant.
Edgar M. Cahn, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff calls this a damage suit; we believe it to be rather in the nature of a revocatory action. The defendant was the owner of certain premises occupied by one Messina who had fallen back in the payment of rent. The defendant obtained from him a confession of judgment for rent due in the sum of $624.00, a waiver of all notices, and a consent that the contents of his grocery store should be sold by the sheriff without appraisement, and after one advertisement. The sale took place and the proceeds were paid over to the defendant herein. Plaintiffs, who were ordinary creditors of Messina for merchandise sold and delivered, claim of defendant the amount due to them.

They allege that from September to December, 1915, Messina conducted a grocery store, and that they sold to him during that time merchandise to the value of $127.12; that on January 24th, 1916, the defendant filed suit against Messina to which he made the following answer:

"Now into Court comes Anthony V. Messina, made defendant herein, and admits all the allegations and

303

averments contained in plaintiffs' petition, and now formally confesses judgment in favor of the plaintiffs, the Mississippi Valley Realty Company, Ltd., in the full sum of Six Hundred and Twenty-four Dollars ($624.00) together with legal interest from this date until paid, and all costs of Court, the said amount being due and owing by the undersigned for rent on the premises, No. 901 Magazine Street, cor-St. Joseph Street, for the months of April, May, June, July, August, September, October, November and December, 1915, and January, 1916, at the rate of $65 a month less a credit on the April rent of $26. I acknowledge that said indebtedness for rent is secured by a lessor's lien and privilege upon the property and effects contained in said leased premises, No. 901 Magazine Street."

"I do now hereby waive citation, copy of petition, allotment and notice of seizure and all other legal delays and formalities, and agree that judgment may be rendered against me for said sum of $624 together with a lessor's lien and privilege upon the property contained in said leased premises No. 901 Magazine Street by any Judge of the Civil District Court in and for the Parish of Orleans, and I agree that said judgment may be signed and become final and executory forthwith."

"I authorize the Civil Sheriff for the Parish of Orleans to sell any and all property that he may seize herein on advertising same once, and I waive appraisement and consent to the appointment of a consent keeper to be named by the said Mississippi Valley Realty Company, Ltd.

"Thus done and signed by me, this 14th day of January, 1916, in the presence of the undersigned witnesses and notary.

(Signed) A. V. MESSINA."

That on the same day a judgment was rendered and signed and the defendant herein, on the same day, issued a

seizure and caused the sheriff to take possession of the contents of the grocery store, and advertised them for sale in a morning paper of January the 15th, and at 10:30 o'clock of that day, the sale was made by the sheriff and realized gross $153.85 and net $118.08, which was paid to defendant; that the whole proceeding and sale were a fraud upon their rights, and an attempt to deprive them of their vendor's privilege; that the contents of the store were more than sufficient to pay their claim, had they been sold in a regular manner; that the defendant and Messina conspired to deprive petitioner of any recourse against the contents of said store, knowing at that time that Messina was insolvent; that the proceedings were conceived with the idea of taking the contents of said store in payment of an alleged debt with the knowledge that Messina was indebted to petitioner; "that no such contract existed between the said Realty Company and the said Messina, and in the alternative, if it did exist, it has been waived by the said Realty Company by its tortious act aforesaid"; that by reason of defendant's tortious acts it has made itself liable to petitioner for the amount of its claim against Messina.

The defendant excepted that the Court was without jurisdiction, and that the petition disclosed no cause of action.

The exceptions were maintained and the "plaintiffs' demand rejected."

Plaintiffs have appealed.

## I.

The defendant's plea to the jurisdiction of the Court on the ground that this suit should have been filed in the division of the Court that rendered the judgment in favor of defendant against Messina in accordance with articles

305

397, 608, and 610 of the Code of Practice is not sustained by law or jurisprudence.

This suit is not between the same parties, nor is it an attack on the judgment for any of the reasons mentioned by that Code under articles 604 to 613, and the attack on the judgment is only incidental to the relief prayed for.

In the case of *Jack v. Harrison,* 34 A., 736, the Court said on page 740:

> "It is true that the Code of Practice prescribes that the action for the nullity of a judgment must be brought before the Court that rendered it. But that refers exclusively to the action of nullity proper, brought by a party to the judgment to have its nullity declared for some causes set forth. C. P. 604, *et seq.* But it has been expressly and repeatedly held that this rule does not apply, where the judgment is atacked by one not a party to it, but that in such case, the action is not really one of nullity, but is in the nature of a revocatory action, and is not confined to the Court that rendered the judgment. *Clark v. Christine,* 12 L., 394; *Thichel v. Bardelon,* 9 R., 191."

When the demand in nullity is only incidental it does not control the question of jurisdiction. *Bledsoe v. Erwin,* 33 A., 615.

## II.

There is no doubt that if Messina had turned over the contents of his grocery to the defendant, or his agent, and had agreed in writing that the defendant should cause them to be sold the next morning after one advertisement by a private auctioneer to be selected by the defendant, and that defendant should appropriate the proceeds of sale in part payment of his claim, that the transaction would have

been considered as a giving in payment. There is no doubt either that such a giving in payment by an insolvent debtor would have conferred a preference prohibited by law, unless the defendant had been a privileged creditor and the value of the property did not exceed the debt due him. C. C. 1982 (1977), 1983 (1978), 1984 (1979), 2658 (2628), 33 *A.*, 805; 30 *A.*, 1114, 511; 50 *A.*, 1241; 11 *Ct. App.*, 72.

Nor does it make any difference that the defendant herein resorted to a judgment by confession and to consent proceedings and sale by the Sheriff, in which all forms of law were waived, instead of an ordinary private non-judicial sale. Such consent and waiver deprive such judgment and sale of their judicial character and assimilate them to ordinary contracts and private sales.

It has been held that consent decrees decide nothing; they merely authenticate private agreements, rendering them executory between the parties. Their effect as to third persons is that of a transaction in authentic form. 3 *An.*, 34; 6 *An.*, 2; 12 *An.*, 426; 15 *A.*, 225; 5 *An.*, 449; 4 *An.*, 65; 2 *An.*, 483.

In *Fennessy v. Gonsoulin*, 11 *La.*, 419, the Court said:

> "Where the object of a suit is to void a judgment and the assignment of property under it to the party (plaintiff) as being in fraud of the rights of other creditors of the judgment debtor, it is to be regarded as a revocatory action by which creditors may cause to be annulled any contract or transaction so far as they have been injured by it."

In *Newman v. Baer*, 50 *An.*, 323 (329) the Court summarized the jurisprudence upon this question as follows:

> "An insolvent debtor cannot give in payment to one creditor to the prejudice of the others any other

307

thing than the sum of money due.. *C. C.*, 2658; 2 *Ia.*, 16; 30 *An.*, 511. The acts and doings of an insolvent debtor through which he seeks to give a fraudulent preference to one creditor over others are all the more to be reprobated when the machinery of the law is invoked to give the semblance of plausibility and propriety to such proceedings. 35 *An.*, 885. The law recognizes no distinction between a voluntary conveyance of property in fraud of creditors and such an alienation disguised under the form of judicial proceedings. It will annul and set aside any machination or contrivance by which this is sought to be done. *C. C.*, 1969, 1970, 1983, 1984, 2688; 11 *La.*, 530. Neither the law nor the Courts are to be used as instruments to work injustice. To attempt this is to aggravate the offending."

Affirmed in *Marx v. Meyer*, 50 *An.*, 1229 (1241). See also 10 *An.*, 18; 6 *An.*, 552.

A creditor who alleges injury to himself may sue to annul a Sheriff's sale of the property of his debtor who has waived notice, appraisement and advertisement. 12 *An.*, 271; 6 *An.*, 360, 2; 11 *R.*, 533.

A debtor in failing circumstances cannot dispense with any of the formalities established by law for the sale of property under execution. 1 *An.*, 340, 297.

In an action to avoid a contract giving a creditor an illegal preference, the plaintiff is entitled to a judgment for the property or its value in the hands of the transferee. 6 *An.*, 553; 2 *La.*, 17; 1 *La.*, 500.

It has also been decided that mere occupancy of property does not necessarily imply the relation of lessor and lessee and give rise to the lessor's privilege; that it is essential to the creation and existence of such a privilege that there should be a contract of lease containing mention of the

thing, the price, and the consent. *C. C.*, 2670 (2640) ; *Fisk v. Moores*, 11 *R.*, 279; 7 *An.*, 654; 17 *An.*, 22; 19 *An.*, 101; 106 *La.*, 309; 110 *La.*, 521; 34 *An.*, 602; 20 *A.*, 266.

The plaintiff herein alleges that no contract of lease existed between the Mississippi Valley Realty Company and Messina. For the purposes of the exceptions herein we must take that allegation as true. If it is true, the Mississippi Valley Realty Company had no privilege on the contents of Messina's store and was only an ordinary creditor, if at all, and the transfer of the contents of his store by Messina to the Mississippi Valley Realty Company constituted it a preferred creditor in violation of law, to the injury of the plaintiff herein. We believe therefore that plaintiff's petition did disclose a cause of action.

For these reasons the judgment of the District Court is reversed and judgment is now rendered in favor of plaintiff dismissing defendant's exceptions herein. The costs of the appeal to be paid by the defendant and appellee, the costs of the District Court to await the final termination of this suit.

Opinion and decree, April 16th, 1917.