## Simon Hendler & Son v. London Guarantee and Accident Co., Limited, of London, England.

*Practice, C. P.—Pleading—Affidavit of defence—Act of May 14, 1915.*

1. Under the Act of May 14, 1915, P. L. 483, defences not pleaded in the affidavit of defence are not available at the trial.

*Insurance — Insurance against insolvency of debtors — When insurance takes effect—Issuance of policy—Warranties.*

2. Insurance is in force when the minds of the parties meet upon the contract of insurance.

3. Where a policy of insurance against the insolvency of debtors is dated several days prior to the insolvency of the debtor of the insured, it will be presumed that it was signed and went into effect on that day.

4. The mere fact that it was turned over to the agent of the company to be delivered to the insured when called for will not invalidate the insurance; and this is particularly the case where a check for the premium was delivered to the insurance company and the proceeds of it retained.

5. In such a case, a warranty that the insured was a member of a mercantile agency at the time he applied for the policy is not a material warranty where it appears that the sales to the bankrupt debtor were made during a preceding period when the insured was a member of the agency, and that he renewed his membership shortly after he received notice of the bankruptcy of his debtor.

6. Warranties and representations in policies of insurance, in order to affect the validity of a policy, must be material.

Motion for judgment *n. o. v.*   C. P. No. 5, Phila. Co., Sept. T., 1922, No. 6421.

B. D. Oliensis, for plaintiffs;   W. W. Smithers, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Jan. 8, 1926.—The plaintiffs sued upon a policy insuring against the insolvency of debtors, issued by the defendant to the plaintiffs. There was no dispute as to the facts. Both sides presented points asking for binding instructions. The point submitted by the plaintiffs was affirmed, and under it the jury returned a verdict in favor of the plaintiffs for $2146.62, being the amount of the plaintiffs' claim with interest. Defendant has moved for judgment *non obstante veredicto* upon the whole record, and in support of this motion contends that the plaintiffs were guilty of a breach of warranty which invalidated the policy, and that the policy never became effective, for the reason that it was delivered to the plaintiffs subsequent to the accrual of the loss for which the plaintiffs claim and at a time when the plaintiffs knew of the loss, of which it was their duty then to inform the defendant.

The application for the policy upon which this suit is based was dated June 5, 1922, and on June 7th of the same year the application and a check in part payment of the first annual premium were sent to the defendant. This check was accepted by the defendant, cashed and never returned nor offered to be returned. In the printed form of the application of the defendant, which was used in securing this policy, are the words, "but the check shall be returned to us if policy is not issued." The policy issued upon this application (the policy in suit) was dated June 12, 1922, and insured the accounts of the plaintiffs for the term beginning June 1, 1922, and ending May 31, 1923, with a rider attached extending the protecting insurance to goods sold, shipped and delivered by the insured between Feb. 1, 1922, and May 31, 1922. Another rider acknowledged receipt of the "insured's letter agreement dated June 7, 1922, given in part settlement of premium under this policy," which was accepted by the company in payment of said premium. On June 15, 1922, the plaintiffs received notice of bankruptcy proceedings against a debtor of

the plaintiffs, establishing a loss for which the plaintiffs are here seeking to recover against the defendant, loss to the insured and liability of the insurer under the terms of the policy being fixed by the institution of bankruptcy proceedings. On June 17, 1922, the plaintiffs called upon the agent of the defendant and secured the policy.

The sales to Yusem Brothers, the bankrupt, were made between March 14, 1922, and April 28, 1922.

The plaintiffs had had a prior similar policy of insurance from the defendant covering the period for the year ending June 1, 1922. The policy in suit provided that losses were not covered by the policy unless the debtor to whom goods were shipped or delivered should have certain capital ratings in the last published book of the Bradstreet Commercial Agency, and defendant contends that the clause in the last application, as follows, "We reaffirm the warranties and representations made in our original application for prior policy and accept them as a basis for the new policy," must be taken in connection with the following words in the application for the prior policy, namely, "We have been subscribers to said mercantile agency during the past . . . years," and that in effect this is a representation that the plaintiffs were subscribers to Bradstreet's at the time of the application for the last policy. The subscription of the plaintiffs to Bradstreet's expired May 28, 1922, and was renewed on July 1, 1922, for the ensuing year, so that at the time of the application for the policy in suit the plaintiffs were not subscribers to Bradstreet's.

With respect to this latter contention, bearing in mind that contracts of this character are construed strongly against the insurer, the language used, even in the prior application, does not state specifically that the applicant is a subscriber to Bradstreet's at the time of the filing of the application, although it might lead to this inference. It must be borne in mind, however, that warranties and representations, in order to affect the validity of the policy, must be material. The purpose of having the creditor be a subscriber to Bradstreet's is to enable him to see that the purchaser has a proper capital rating and also to place the selling in connection with the mercantile agency, so that, in the event of any insolvency, there may be information given to the seller, so as to prevent future sales and consequent losses, this affording a protection to the insurer; but in the present case the sales upon which the loss accrued were made between March 14 and April 28, 1922, and during this period the plaintiffs were admittedly subscribers to Bradstreet's, so that the fact that plaintiffs were not subscribers to this mercantile agency for the short period between May 25 and July 1, 1922, could not affect sales made during the preceding March and April, and could not have any material bearing upon the liability of the defendant for those sales. Moreover, this defence was hardly available to the defendant, for it was not pleaded in the affidavit of defence; and it has repeatedly been held that under the present practice defences must be pleaded. In Ruth-Hastings Co. v. Slattery, 266 Pa. 288, Mr. Justice Simpson said: "Section 16 of the Practice Act of May 14, 1915, P. L. 483, limiting defences to those raised by the affidavit of defence, should be strictly enforced." See, also, Dietrich v. Davies, 274 Pa. 213; Hoffman v. Mutual Fire Ins. Co. of Reading, 274 Pa. 229.

The remaining contention of the defendant is that the policy never became effective because of the loss having accrued prior to the delivery of the policy to the plaintiffs and that it was the duty of the plaintiffs to disclose this loss at the time when the policy was lifted. This involves the question when the policy of insurance was intended to take effect. It has frequently been held that insurance is in force when the minds of the parties meet upon the con-

tract of insurance, and this may be without the issuance of any policy. In Walker *v.* Kavanaugh, 175 Pa. 345, the policy was delivered after the fire and with knowledge of the fire upon the part of the insured, and it was held that the plaintiff had a right of recovery and that "if in fact it took effect from the time of the delivery only, the duty to show this rested upon the defendant (the insurance company)." And this suit was not brought on the preliminary agreement with the agent, but under the terms of the policy itself.

So, in the policy here in suit; it was dated June 12th, and several days prior to the insolvency or bankruptcy, and presumably was signed and went into effect on that day. The mere fact that it was turned over to the agent to be delivered to the plaintiffs when called for should not invalidate the insurance, and this position is strengthened when we consider the printed language of the defendant's own application, to the effect that the check should be returned if the policy is not issued. From the retention and cashing of this check, and the continued retention of the proceeds, alone, the defendant would be estopped from denying its liability upon the insurance which it was understood was to be effected pursuant to the application.

We think the defendant was clearly liable under this policy; no substantial defence to the claim of the plaintiffs was presented; and there is no sound reason advanced why judgment should not be entered in favor of the plaintiffs.

And now, to wit, Jan. 8, 1926, the motion of the defendant for judgment *non obstante veredicto* is overruled. An exception to this action of the court is hereby noted for the defendant. Judgment is directed to be entered upon the verdict upon payment of the jury fee.